BURRELL WHEELER v. TYLER SOUTHEASTERN RAILWAY COMPANY.

No. 600.—Decided January 6, 1898.

1. **Declarations—Physician—Examining to Testify—Objections.**

In a suit for injuries to the person, evidence of a physician who had examined plaintiff that he complained of a roaring and pain in his head was admitted over objection that it was hearsay. The question whether such declarations were admissible when made to one conducting an examination for the purpose of enabling him to · testify as to plaintiff's injuries was not raised by this objection. (Pp. 358, 360.)

2. **Practice in Supreme Court.**

Having acquired jurisdiction of a reversed case on the ground of conflict of rulings on one question involved therein, the Supreme Court will pass on all errors assigned below. (P. 360.)

3. **Damages—Proof of Expense for Medical Services.**

The amount plaintiff agreed to pay for medical treatment of the injuries for which he seeks damages, can not be recovered nor submitted to the jury without proof that it was reasonable compensation for the services. (Pp. 360, 361.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Smith County.

Wheeler sued the railway company and the latter appealed from a judgment recovered against it for $16,000. The Court of Civil Appeals reversed the judgment, for error in admitting the evidence of Dr. Driskill as to statements made by plaintiff to him. Plaintiff Wheeler thereupon obtained writ of error on the ground: 1. That the decision overrules the decision of the Supreme Court in the following cases: Rodgers v. Crain, 30 Texas, 287; Newman v. Dodson, 61 Texas, 95; Railway v. Ayers, 83 Texas, 268; Railway v. Barron, 78 Texas, 423; Railway v. Shaefer, 54 Texas, 648. 2. Said ruling is in direct conflict with the decision of the Court of Civil Appeals at Galveston in case of Railway v. Zwiener, 38 S. W. Rep., 375. 3. Said ruling is in direct conflict with the decision of the Court of Civil Appeals at Austin in Railway v. Brown, 40 S. W. Rep., 608.

*J. F. Onion,* for plaintiff in error, on application for writ: Declarations of present pain and suffering, whether made to a physician or to a non-expert, are admissible in evidence. 1 Greenl. Ev., sec. 102; 1 Phillips Ev., 182, 183; Bliss, Life Insurance (2nd ed.), 633; Caldwell

v. Murphy, 1 Kern. (N. Y.), 416; Werely v. Persons, 28 N. Y., 344; Brown v. Railway, 32 N. Y., 603; Matteson v. Railway, 35 N. Y., 487; Hagenlocher v. Railway, 99 N. Y., 136; Quaife v. Railway, 48 Wis., 513; Railway v. Newell, 3 N. E. Rep. (Ind.), 836; State v. Gedicke, 43 N. J. Law, 86; Echles v. Brown, 26 Ala., 659; Railway v. Falvey, 3 N. E. Rep., 389; Elkhart v. Ritter, 66 Ind., 136; Howe v. Plainfield, 41 N. H., 135; Towle v. Blake, 48 N. H., 92; Hyatt v. Adams, 16 Mich., 180; Johnson v. McKee, 27 Mich., 471; Elliott v. Van Buren, 33 Mich., 49; Railway v. Frazier, 27 Kan., 463; Kent v. Lincoln, 32 Vt., 591; Ins. Co. v. Mosley, 8 Wall., 397; Rogers v. Crain, 30 Texas, 284; Newman v. Dodson, 61 Texas, 91; Railway v. Shafer, 54 Texas, 648; Railway v. Barron, 78 Texas, 423; Railway v. Brown, 40 S. W. Rep., 608; Railway v. Click, 32 S. W. Rep., 226; Railway v. Zwiener, 38 S. W. Rep., 375.

*Reeves, Walker & Reeves,* also for plaintiff in error, filed brief in Court of Civil Appeals and argument in support of writ of error, and cited the following authorities: Aveson v. Kinnaird, 6 East., 188; Johnson v. State, 17 Ala., 618; Phillips v. Kelley, 29 Ala., 639; Turnpike Co. v. Andrew, 102 Ind., 144; Gray v. McLaughlin, 26 Iowa, 280; Sanders v. Reister, 1 Dak., 171; Bacon v. Chaleton, 7 Cush., 586; State v. Howard, 32 Vt., 404; Earl v. Tuppor, 45 Vt., 284; Nichols v. Railway, 30 Hun. (N. Y.), 437; Barber v. Merriam, 11 Allen, 322.

*Sam H. West, H. B. Marsh* and *J. W. Fitzgerald,* for defendant in error.—When a physician, at the instance of plaintiff, makes an examination of him solely with a view of testifying as an expert in his behalf at the trial, statements of complaints made to him by the plaintiff in respect to the nature, character and extent of his injuries, or as to pain suffered by him, cannot be stated by him to the jury, the same being no part and parcel of the res gestæ. Roche v. Railway, 105 N. Y., 294; Hagenlocher v. Railway, 99 N. Y., 136; Kennedy v. Railway, 29 N. E. Rep., 141; Davidson v. Cornell, 30 N. E. Rep., 573; Quaife v. Railway, 48 Wis., 513; Stewart v. Evarts, 44 N. W. Rep., 1092; Railway v. Walker, 21 S. E. Rep., 48; Broyles v. Priscock, 25 S. E. Rep., 389; Ins. Co. v. Mosley, 8 Wall., 397; Bacon v. Inhabitants, etc., 7 Cush., 586; Fay v. Harlan, 128 Mass., 244; Railway v. Frazier, 27 Kan., 463; Howe v. Plainfield, 41 N. H., 135; Towle v. Blake, 48 N. H., 96; Eckles v. Bates, 26 Ala., 655; Winter v. Railway, 38 N. W. Rep., 154; 1 Greenl., Ev., sec. 102; Darrigan v. Railway, 52 Conn., 285; Rowland v. Railway, 28 Atl. Rep., 102; Jones v. Portland, 50 N. W. Rep., 732; Heddle v. Railway, 70 N. W. Rep., 1096; Williams v. Railway, 70 N. W. Rep., 860.

There was no competent evidence upon which to base the charge of the court on the measure of damages in respect to the expenses incurred by appellee for physician's bills or medical treatment, and it was error for the trial court to submit said charges and expense as the measure

of damages. And for like reason it was error for the court to refuse the special charge requested. Railway v. White, 32 S. W. Rep., 186; Fordyce v. Chancey, 2 Texas Civ. App., 24; Fordyce v. Beecher, 2 Texas Civ. App., 29; Railway v. Fenlaw, 36 S. W. Rep., 295; Railway v. Simcock, 81 Texas, 503; Railway v. Thornsberry, 17 S. W. Rep., 521; Railway v. Curry, 64 Texas, 85.

Counsel for defendant in error filed a motion for rehearing, supported by written argument, on the following grounds:

1. The court erred in holding that it was not error for the trial court to permit the witness Dr. Driskill, over defendant's objections, to testify as shown in bill of exceptions No. 5, which action of the trial court is complained of in defendant in error's 19th assignment of error.

2. The court erred in refusing to consider the objection urged by defendant in error in its brief and argument filed in this court to the testimony of the witness Driskill, because, the testimony being prima facie hearsay testimony, it was not incumbent upon the defendant in error to do more than object to it upon the ground that it was hearsay. When this objection was made, it then became incumbent upon the plaintiff in error to show that the testimony was of that character which took it out of the general rule excluding hearsay testimony.

3. The testimony of the witness Driskill was not a part of the res gestæ, but the same was hearsay evidence, for the reason that the statements made to him by Wheeler were not exclamations of pain, or the voice of the pain itself, but were simple statements, made not to a medical attendant for the purpose of having his injuries treated, but to a witness whose sole object in making an examination of him was to testify in his behalf at the trial of the case; and it was error for the court not to pass upon the objection urged by defendant in error to the testimony for the reason above stated.

4. The statement made by Wheeler to Driskill was a self-serving declaration, not made under oath, and, not being a part of the res gestæ, and not made to a medical attendant, was clearly hearsay, and it was error for the trial court to permit the testimony to be introduced over defendant's objection; and it was like error for this court to hold the testimony admissible.

The motion was overruled.

BROWN, ASSOCIATE JUSTICE.—This suit was brought by the appellee, plaintiff in error, against the Tyler Southeastern Railway Company, to recover damages for a personal injury received by the explosion of a boiler to a passenger locomotive owned and operated by the Railway Company. The only question presented on this application arises upon the action of the District Court in admitting the testimony of Dr. Driskill, which was at the time objected to and a bill of exceptions reserved.

That portion of the testimony objected to is as follows: "I believe that there are no other symptoms that you have not asked me about, except that he complains all the time with a roaring and a dull aching pain

in his head, more especially in the back of his head." The defendant objected to the testimony, (1) because it was hearsay; (2) because it was evidence with respect to the symptoms of a disease or injury not testified to by the plaintiff; which objections the court overruled. Wheeler recovered judgment in the District Court; from which an appeal was taken and the judgment was reversed by the Court of Civil Appeals of the Fourth Supreme Judicial District on account of error in admitting the foregoing evidence.

The evidence of the witness Dr. Driskill, which was objected to by the defendant in error, upon the ground that it was hearsay, is stated in the bill of exceptions as above copied as follows: "He complains all the time with a roaring and a dull aching pain in his head, more especially in the back of his head." We understand from this language that while the witness was engaged in examining the plaintiff at the several times named by him the plaintiff complained of a roaring and pain in his head. This indicates that the pain of which he complained was present at the time the complaint was made and that the complaint was not a recital of what had transpired nor a mere statement of existing conditions, but was the natural expression produced by the sensation of roaring and pain in the head at the time, that is, that the complaint made was induced by the roaring and the pain as it then existed and that the complaint itself was in fact a part of the res gestæ and therefore not subject to the objection that it was hearsay. Railway v. Barron, 78 Texas, 421; Railway v. Shafer, 54 Texas, 641.

Upon the argument of the case in this court the defendant in error urged the objection to the testimony, that at the time the plaintiff made the complaint testified to by Dr. Driskill the latter was engaged in examining the plaintiff for the purpose of testifying in his case, the witness being employed by the plaintiff for that purpose. The plaintiff in error met and combated that proposition as if it had been properly presented. We presume that the same course of argument was pursued in the Court of Civil Appeals, and that this led the Honorable Court of Civil Appeals to place its decision upon the ground stated, that is, that, the witness Driskill being at the time the declarations were made employed by the plaintiff to make an examination of him with a view to testifying in the case and being at the time engaged in that examination, the complaints of the plaintiff made under such circumstances were not admissible in evidence. The objection presents a very interesting question, and Chief Justice James in the opinion prepared by him discusses it in a very clear and able manner, but we do not feel authorized to consider it in this case for the reason that it was not presented to the trial court and not embraced in the bill of exceptions taken to the evidence of the witness.

It is the well established rule of this court that, upon a bill of exceptions to evidence admitted, this court will consider only such objections as were presented in the trial court and as are stated in the bill of exceptions. Houston, East & West Texas Ry. Co. v. Adams, 63 Texas,

206; Rector v. Hudson, 20 Texas, 237; Hamilton v. Rice, 15 Texas, 385; Herndon v. Casiano, 7 Texas, 333; Waller v. Leonard, 89 Texas, 507.

In Rector v. Hudson, 20 Texas, supra, the objection presented to the evidence was that the declarations offered were made by one who was not a party to the suit. This court held that an objection based upon the fact that it did not appear that the declarations were made at the time of the transaction could not be considered under the bill of exceptions, and the court said: "If the objection had been that they (the declarations) were not made at the time, it might have been brought out by an examination of the witness to that point that the admissions of the party that he had bribed the rider, which was a material part of the declaration deposed to, was made at the time of the principal transaction or in such time as to have been plainly admissible in evidence. It has been constantly held that in revising the ruling of a court in the admission of evidence the appellate court will consider only the objections to the evidence taken at the trial."

In Houston, East & West Texas Railway Co. v. Adams, cited above, the witness in answering the question expressed his opinion in regard to some matters, instead of stating the facts from which the jury could draw their own inferences; but the testimony was not objected to upon that ground, and that objection did not appear in the bill of exceptions. The court said: "The bills of exceptions not showing that the questions and answers were objected to on the ground of the manner in which the questions were asked and the answers given, the matter of the answers being admissible, the ruling of the court below in this respect will not be revised." If the objection here urged had been presented to the trial judge he might have sustained it, or the plaintiff in the court below might have abandoned it, or he might have called out other facts to explain it so as to avoid the force of the objection. It would be unfair to the opposite party and unjust to a trial court to entertain objections of this character when not presented upon the trial and properly reserved in the bill of exceptions.

We conclude that upon the face of the bill of exceptions it does not appear that the court committed any error in admitting the testimony of the witness Driskill, and that the Court of Civil Appeals erred in reversing the judgment of the District Court upon that ground.

Having acquired jurisdiction of this case it becomes our duty to examine all the assignments of error made by the appellant in the Court of Civil Appeals, to ascertain if the judgment of the trial court should have been reversed upon any one of the grounds assigned. We have examined the various assignments presented in that court and find no error except in the ruling of the court upon the fourteenth and fifteenth grounds of error assigned by the appellant Railroad Company.

The plaintiff below testified that he had agreed to pay Dr. Driskill $250 as his fee for attending him as a physician, but there was no evidence offered to prove that that sum or any other sum was a reasonable

charge for the services rendered by Dr. Driskill to the plaintiff. One who is injured as the plaintiff claims to have been, if entitled to recover against the party charged with the negligence which caused the injury, is entitled to judgment for his expenses necessarily incurred in the treatment of the injuries sustained by him, but he cannot recover what he may agree to pay the physician for his services, because the other party is not bound by such agreement. Under such circumstances the injured party must prove what would be reasonable compensation to the physician for the services rendered, and would be entitled to recover that amount if he had paid or was liable to pay the same. It was error in the trial court to submit to the jury the question of the medical bill paid by the plaintiff for services rendered to him, because there was no proof that such amount was a reasonable compensation for the services rendered. Railway v. Warren, 90 Texas, 566; Railway v. Harriett, 80 Texas, 82.

The judgment of the District Court must be reversed upon the ground last stated, unless the plaintiff shall enter a remittitur of the sum of two hundred and fifty dollars within ten days from this date, in which event the judgment of the Court of Civil Appeals reversing the judgment of the District Court will be reversed and the judgment of the District Court will be affirmed.

*Affirmed on remittitur.*

Within the time allowed by the opinion counsel for plaintiff in error filed a remittitur of the sum of two hundred and fifty dollars, whereupon the judgment, as so reduced, was affirmed on January 10, 1898.