Houston & Texas Central Railway Company v. Will Rowell.

No. 687. Decided June 13, 1898.

**Damages for Personal Injury—Expenses—Charge.**

The expenses recoverable as damages on account of personal injury should be limited to such as were reasonable and necessary. A charge ignoring this limitation is not rendered harmless by the fact that the expenses proved and not shown to be reasonable were not claimed in plaintiff's petition.

Error to the Court of Civil Appeals for the First District, in an appeal from Fayette County.

Rowell sued the railway company for damage from personal injury and recovered a judgment which was affirmed (45 Southwestern Reporter, 763) on appeal by defendant, which thereupon obtained writ of error.

*Frank Andrews*, for plaintiff in error, assigned the following as errors committed by the Court of Civil Appeals:

The Court of Civil Appeals erred in overruling and in refusing to sustain as well taken plaintiff in error's fourth assignment of error which was presented in the brief and urged in said Court of Civil Appeals, and which is as follows: "The court erred in the fifth paragraph of its general charge to the jury, which read as follows: 'If you find for the plaintiff, in estimating and assessing the actual damages, if any, he may have sustained, you will consider the evidence showing the mental and physical suffering he has endured, the expense he has incurred or become liable to pay, the loss of time while disabled and under treatment, and the permanent diminution of his ability to work and earn money, if you so find.'"

The Court of Civil Appeals erred in overruling and refusing to sustain as well taken plaintiff in error's seventh and eighth assignments of error, which relate to the same subject matter and which were grouped and presented and considered together in the brief in said Court of Civil Appeals, and which are as follows: "The court erred in refusing to give the fourth special charge asked by defendant, which is as follows: 'The plaintiff brings this suit and seeks to recover against the defendant for alleged negligence on the part of defendant in inflicting an injury upon the plaintiff. The negligence relied upon is that, "The defendant stopped the train very suddenly, causing the cars to rush together in a violent and dangerous manner; that defendant was not expecting the train to stop in such manner, and therefore, when the train stoppped in the manner alleged, it threw the defendant from the platform and he fell on the railroad between the cars, and the cars in the train rushed upon the locomotive after the first stop with such force and violence that they pushed it forward for some distance, and thus caused the cars, after the defendant had fallen upon the track, to move forward and run over his left foot." "Unless you believe from the evidence that the plaintiff was injured in the manner above stated, and through the negligence of the defendant, and that such injury was inflicted through no other way and through no other causes than those alleged, and that the acts of the defendant, if any, in that regard were negligent, then you will return your verdict for the defendant.'"

The Court of Civil Appeals erred in overruling and refusing to sustain as well taken plaintiff in error's ninth assignment of error, which was presented in the brief and urged in the said Court of Civil Appeals, and which is as follows: "The court erred in refusing to give the sixth special charge asked by the defendant, which is as follows: 'The attention of the court is called to that portion of the plaintiff's petition charging negligence against the defendant, and from an examination of the petition the court is informed that the negligence specified is in the following language: "The train upon this occasion did not stop when it reached the depot, but passed it at a slow rate of speed, and when the defendant saw that it had passed the depot, he feared that it might not come to a

full stop at all, and might carry him beyond his destination, or might stop so short a time as not to allow him to get out of the car and off the train, before it would start on again. He therefore, after it had passed the depot a short distance, walked out on the platform of the car, so as to get off immediately when it should stop; that the defendant had his valise in his hand when he went to the platform of the car, and when the train did finally come to a stop it checked up very suddenly, causing the cars to rush together in a violent and dangerous manner; that the defendant was not expecting the train to stop in such manner, and therefore, when it stopped in the manner above alleged, it threw the defendant from the platform, and he fell on the track of the railroad between the cars." These allegations are not sufficient to charge negligence against the defendant, the Houston & Texas Central Railway Company, as applied to the plaintiff, Will Rowell, and the allegations being insufficient to warrant a recovery, you are instructed to return your verdict for the defendant, the Houston & Texas Central Railroad Company.' "

The Court of Civil Appeals erred in holding that there was any evidence to sustain a verdict for the plaintiff.

*Brown & Lane,* for defendant in error.

GAINES, CHIEF JUSTICE.—The defendant in error brought this suit against the plaintiff in error to recover damages for personal injuries. He obtained a judgment, which was affirmed upon appeal.

Since it is our purpose to discuss but one point, it is not necessary to make any general statement of the case.

With reference to the expenses incurred by him by reason of his injuries the plaintiff testified as follows: "I am not certain of the amount of expense I was put to on account of my injuries, but it was not less than $100. My doctor's bill was $49; my board bill $45. I paid a doctor at LaGrange, after I left Paige, $8, and other money for medicine." Upon the measure of damages the court gave the jury the following instruction: "If you find for the plaintiff, in estimating and assessing the actual damages, if any, he may have sustained, you will consider the evidence showing the mental and physical suffering he has endured, the expense he has incurred or become liable to pay, the loss of time while disabled and under treatment, and the permanent diminution of his ability to work and earn money, if you so find."

We think this charge was erroneous. It was only for such expenses resulting from his injuries as were reasonable and necessary that the plaintiff was entitled to recover. It may be that if the jury had been instructed to allow only such expenses as the plaintiff became liable to pay, the proposition contained in the charge would have been correct, and if a more specific instruction had been desired it should have been requested. In the absence of some proof of an express promise to pay a particular sum, the plaintiff would have been liable only for reasonable

compensation for such services as were rendered to him. However, we do not decide the point. The charge in question goes further and instructs the jury in effect to allow the plaintiff for "the expense he has incurred." He testified distinctly that he had paid a physician at LaGrange $8. It is clear that this expense he had incurred. We think also that the jury may have inferred that he had paid the board bill. He says, "My doctor's bill was $49 and my board bill $45." He seems to refer to them not as existing charges, but as charges which had existed but which had been paid. There was no evidence that the board bill or the amount paid to the physician at LaGrange was reasonable; and hence the case comes within the rule followed in Wheeler v. Railway, 43 Southwestern Reporter, 876, and the cases there cited.

But it is insisted on behalf of defendant in error that since the only expense claimed in the petition was the account of Dr. Paige for $49, the error was harmless. But we think this is but an additional reason why the charge should be held erroneous. Probably if the instruction had limited the recovery to the expense claimed in the petition, there would have been no error. But the prayer of the petition was "judgment for his (plaintiff's) damages as above set out;" and it is clear that the charge as construed by us permitted a recovery for expenses not claimed in the petition.

The charge of the learned judge is most commendable for its clearness and brevity, and it is to be regretted that his attention was not called upon the trial to the state of the pleadings and evidence with reference to the expenses incurred by the plaintiff.

The other points raised in the Court of Civil Appeals were satisfactorily disposed of in that court, and need not be discussed.

Counsel for defendant in error offer, in case we find that there was error in the charge as claimed in the assignment discussed by us, to remit a sum sufficient to eliminate the two items of expense not proved to be reasonable. We therefore affirm the judgment less the sum of $53. The defendant in error will pay the costs of the appeal and of the writ of error.

*Affirmed on remittitur.*