MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. J. M. NAIL.

Decided June 30, 1900.

**1.  Damages for Personal Injuries—Verdict Not Excessive.**

A verdict for $8430 for bodily pain and mental anguish resulting from plaintiff's wife being thrown to the floor of a car in a collision and seriously and permanently injured, held not excessive.

**2.  Same—Remarks of Counsel—Charge.**

In an action of damages for negligent personal injury wherein there was no issue as to punitory damages, and the verdict was not excessive in amount, a statement by plaintiff's counsel in his arguments to the jury, not excepted to at the time, that "the object of a verdict is not only to compensate the injured party, but to give notice to the defendant that such things must not happen," does not make reversible error a refusal by the court to give an instruction requested by defendant to the effect that the jury should not, in assessing damages, allow any sum by way of punishment.

**3.  Same—Physician's Charges—Remittitur.**

In an action of damages for personal injuries it was error for the charge to fail to limit the assessment for physician's charges to such as were reasonable, but where the verdict was itemized, showing separately the amount allowed for such charges, a remittitur of the entire item cured the error in the judgment.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT.

*T. S. Miller* and *Head, Dillard & Muse,* for appellant.

*Wolfe, Hare & Semple* and *Cummins & Mathis,* for appellee.

CONNER, CHIEF JUSTICE.—On the night of the 6th of March, 1899, Mary F. Nail, wife of appellee, became a passenger on a mixed train of appellant going from Whitesboro to Denison. At Ray yards the train became separated, and a short distance therefrom the detached part ran into the forward section, producing a collision which threw appellee's wife upon the floor of the car, and for the personal injuries thus caused plaintiff instituted this suit. A trial before a jury on November 18, 1899, resulted in a verdict and judgment in appellee's favor for $9250, to reverse which this appeal is perfected.

The evidence tended to show negligence in some or all of the particulars alleged in appellee's petition, and that Mrs. Nail suffered injury of a permanent character, principally, perhaps, to her nervous system, and suffered mental and physical pain of varying intensity and constancy, from the time of the injury, and which would probably so continue for the future.

The most serious question presented relates to the refusal of the court to give special instruction number 8, requested in behalf of appellant, when considered with the assignment attacking the verdict as excessive, and certain language used by counsel for appellee in his opening argument to the jury.

The verdict was itemized, and was in the sum of $8430, for "bodily pain and mental anguish." The following is the language of counsel mentioned: "The object of a verdict is not only to compensate the injured party, but to give notice to the defendant that such things must not happen." Special charge number 8 was to the effect that in assessing damages the jury should not allow any sum by way of punishment, but should confine themselves to "such sum as will, as a cash payment, be reasonable compensation for the injuries to his wife, when measured as heretofore instructed."

No objection was made to the language of counsel at the time, and it is not entirely clear that the special charge was framed with the view of avoiding its effect, the jury not being therein expressly directed to disregard the specific language used. So that this charge was pertinent in so far only as such language is to be construed as inviting the imposition of a sum by way of punishment in addition to such sum as might be awarded plaintiff as compensation. This was, however, perhaps a reasonable inference to be drawn from the language, and hence the question has not been free from difficulty.

While the verdict seems large in the particular complained of, yet in view of the acknowledged difficulty in the measurement of damages of this character and of the tendency of our decisions to commit the matter largely to the determination of the jury and trial court, we have felt unable to say from the evidence in the record that the verdict is excessive.

The wife of appellee testified in reference to her pain and suffering in part as follows: "I have felt so bad all the time that I can not tell how long it was. * * * I was never able to get up and walk around,

and have never been able to walk alone yet. * * * My pains have never stopped. Of course at times I am not so bad. I am never easy. There are times when I am so bad I have to call the doctor. * * * The lower part of my spine always hurts me," etc. Dr. Field testified in part: "I saw her (Mrs. Nail) continuously two or three times a day, perhaps, for a month at least, and then twice a day for the next two months, and from that time up to this (November 17, 1899) at intervals of about two or three times a week. She has never recovered from her condition in consequence of her injuries. The third and fourth ribs were broken. * * * She had hemorrhages, * * * perhaps eight or ten. * * * She has been almost continuously in a condition of subnormal temperature. She has suffered a great deal. She can not take morphine at all. The least bit would throw her into a convulsion. These injuries are permanent to date, and I see no evidence of their getting better. I do not think her nervous system will be restored at all." Dr. Booth testified to the same effect, in substance, and also gave it as his opinion that the injury was permanent and would gradually grow worse. It also appeared that Mrs. Nail had been examined on one occasion by one of appellant's surgeons, who did not testify.

The character of the damage shown was actual and not exemplary. 1 Suth. Dam., secs. 95, 942, 979; Brown v. Sullivan, 71 Texas, 470. Hence the principle invoked by appellant and declared in Tynberg v. Cohen, 76 Texas, 416, and Fordyce v. Moore, 22 Southwestern Reporter, 235, to the effect that the exemplary damages allowed must bear due proportion to the actual damages awarded, has no application. We therefore feel unable to say that the verdict is excessive. See Railway v. McClain, 80 Texas, 85; Railway v. Randall, 50 Texas, 254; Railway v. Dorsey, 66 Texas, 148; Railway v. Garcia, 62 Texas, 285; Railway v. Dawson, 62 Texas, 261; Railway v. Higbee, 26 S. W. Rep., 737; 1 Suth. Dam., sec. 95; 3 Id., secs. 942-979; Brown v. Sullivan, 71 Texas, 470.

We have also concluded, but with some hesitation, that we would not be authorized to reverse the judgment by reason of the refusal to give the special instruction mentioned. No punitory damages were sought in the petition; the issue was not submitted and did not arise in the evidence. The court's charge submitted to the jury proper elements of damage only, thus impliedly restricting the jury to such as were submitted. The language of counsel is not necessarily, we think, to be construed as imputed. A perhaps not unreasonable construction would be that the counsel meant that the natural tendency of a verdict of any kind is to restrain the wrongdoer from the commission of like acts in the future, and that, in the wisdom of the law, this result was in part in contemplation in formulating the rule of compensatory damages for injuries arising from wrongful and negligent acts. But, however this may be, we have felt unable to say that the language of counsel was so clearly improper and injurious as to imperatively demand the requested charge. While it has been held that it is not necessary in all instances

that objection shall be made at the time, yet considerable stress is laid upon the fact of such failure. In such event it seems to have been held that to justify a reversal it should be made to appear that the objectionable language was plainly prejudicial. See note 13 and authorities therein cited, under article 1299, Sayles' Civil Statutes of 1897, and Elliott on Appellate Procedure, sections 692, 675, 782. We therefore overrule the third and ninth assignments of error.

The second assignment, however, we think must be sustained. The court in his charge failed to limit the jury in assessing damages for physicians' charges to such as were reasonable. This has frequently been decided to be necessary, and, the evidence in our judgment, being such as to not authorize the court to withdraw this issue from the jury, will require a reversal, unless a remittitur be filed as hereinafter indicated. Railway v. Rowell, 92 Texas, 147; Wheeler v. Railway, 91 Texas, 356; Railway v. Belew, 22 Texas Civ. App., 264, and cases therein cited.

We find nothing in other assignments requiring discussion, and they are all overruled.

For the error, however, pointed out in the second assignment, the judgment below will be reversed and the cause remanded, unless appellee shall, within fifteen days after the filing hereof, remit the $500 assessed by the jury for physicians' fees. Should appellee, however, within such time, duly file with the clerk of this court remittitur of such sum, then it is ordered that the judgment in other respects be affirmed, appellee being adjudged to pay the costs of this appeal.

*Affirmed.*

Writ of error refused.