CORPUS CHRISTI RY. & LIGHT CO. v. BAXTER. (No. 6280.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 19, 1919. On Motion for Rehearing, Jan. 14, 1920.)

1. EVIDENCE ⟶317(17)—HEARSAY DECLARATIONS OF PHYSICIAN AS TO CAUSE OF INJURY INADMISSIBLE.

In personal injury suit evidence of declarations by physician, who testified as a witness, to plaintiff's son, as to cause of injury, was hearsay and inadmissible in the absence of testimony by physician inconsistent with such declarations.

2. DAMAGES ⟶163(4)—EVIDENCE NECESSARY OF REASONABLENESS OF MEDICAL EXPENSES.

In personal injury action there must be evidence of the reasonableness of expenses incurred for medical attendance and for medicine; the reasonableness thereof not being inferred from the fact that the sums were exacted.

### On Motion for Rehearing.

3. WITNESSES ⟶388(2) — DECLARATIONS OF PHYSICIAN TO INJURED PERSON AS TO CAUSE OF INJURY INADMISSIBLE.

In personal injury action evidence of declarations of physician to plaintiff as to cause of injury was inadmissible in absence of a predicate being laid for inconsistent testimony.

4. WITNESSES ⟶387 — CROSS-EXAMINATION PERMITTED AS TO STATEMENTS INCONSISTENT WITH TESTIMONY.

In personal injury action, where physician had testified to the cause of injury, he could be asked concerning any statements made upon other occasions which were inconsistent with his statements on the witness stand.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by Lizzie Baxter against the Corpus Christi Railway & Light Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Kleberg, Stayton & North, of Corpus Christi, for appellant.

J. D. Todd and E. B. Ward, both of Corpus Christi, for appellee.

MOURSUND, J. Appellee sued appellant, alleging that while she was a passenger on the street railway operated by appellant, and while seated in one of the end seats of its street car, owing to appellant's negligence in six respects, her right arm was struck by the door which folded inwardly, and was operated by the motorman; that as a result of the blow her hand and forearm were rendered useless and paralyzed, and she sustained great bodily injury, to her damage in the sum of $20,125. The trial resulted in a verdict and judgment for $3,000.

[1] Complaint is made because the court refused to strike out the testimony of Claude Baxter wherein he stated that Dr. Kaffie told him that Mrs. Baxter's arm was paralyzed through the blow of the door of the street car. We see no ground for holding this testimony admissible. The evidence with respect to the issue whether the arm was injured by being struck by the car door was of such character that it cannot be held the admission of the testimony was harmless.

It is contended that paragraph 4 of the charge is so drawn that it permits a recovery upon a finding of any one of several acts alleged to constitute negligence, regardless of whether such act was the proximate cause of any injury. In this connection it is urged that this is an affirmative error, which is not cured by other portions of the charge. We conclude that, when paragraphs 3 and 5 are read in connection with paragraph 4, the jury could not have been misled, and that the charge as a whole is not subject to the objections urged in the first assignment, and that such assignment should be overruled. We also conclude that what we have said applies to assignments 6 and 7, also complaining of the charge, and requires the overruling thereof.

[2] The court submitted as elements of damage expenses incurred for medical attendance and for medicines. The charge was objected to as to each item on the ground

---

⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

that there was no evidence that any expenses of either kind were reasonable. We conclude that, under the rule established by our decisions, such evidence is necessary, and that it cannot be inferred that expenses are reasonable from the fact that the sums were exacted. M., K. & T. Ry. v. Bellew, 22 Tex. Civ. App. 264, 54 S. W. 1079; Wheeler v. Railway, 91 Tex. 356, 43 S. W. 876; Railway v. Rowell, 92 Tex. 147, 46 S. W. 630.

Assignments 3 and 4 are sustained.

There is no merit in the fifth assignment.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

Appellee contends that we misconstrued the bill of exceptions relating to Claude Baxter's testimony by treating it as relating to a statement made to him instead of to his mother. The bill of exceptions contains the questions leading up to the objectionable testimony. There is no question concerning any statement made by Dr. Kaffie to Mrs. Baxter. After the witness had testified to a statement made by Dr. Kaffie on an occasion when he visited Mrs. Baxter, he was asked whether he had seen Dr. Kaffie again about the arm, to which he replied that he had about three days after such visit. He was then asked, "What did he say, if anything?" Over objections the witness was permitted to answer that question by stating:

"The second time he examined the arm he said he did not think the bone was broken, but that he thought the nerve was ruined; that he thought it was."

A motion was made to strike this out, which was overruled. The witness then volunteered the statement:

"He said that he did not think the arm was broken the second time I spoke about, but that he thought the nerve had been killed, and that the arm was paralyzed through the blow of the street car."

A motion was made to strike out that portion relating to how the injury was caused, which was overruled. The witness then testified that Dr. Kaffie was in the store where witness was working when he made that statement. It certainly cannot be contended that counsel for appellee so framed his questions as to call for a statement made to Mrs. Baxter. The natural inference is that he inquired concerning a conversation between Dr. Kaffie and Claude Baxter, and it was doubtless so understood by counsel for appellant, for his first objection indicates that he so understood the question. A reference to the statement of facts makes it clear that the witness was relating a conversation between himself and Dr. Kaffie, for he testified:

"Dr. Kaffie, when he made that statement, was in the store where I was working. He was not waiting on my mother at that time; my mother was not there. He came to see her, but she wasn't in town; he came to see her about her arm."

[3, 4] However, even if appellee's contention is correct, the testimony should have been excluded. Of course, after Dr. Kaffie had testified, giving his opinion as to what caused the condition of appellee's arm, he could be asked concerning any statements made upon other occasions which were inconsistent with his statements on the witness stand. It must be remembered, however, that Dr. Kaffie did not testify that the car door did not strike Mrs. Baxter's arm, so a statement by him to the effect that it did could not contradict anything he had testified to. If there had been an attempt to lay a predicate for this testimony, the question would have been subject to the objection that any statement as to whether appellee's arm was struck by a street car door would not contradict the testimony given, and that hearsay testimony could not be injected in that way. No predicate was even laid. In fact, Dr. Kaffie was never asked concerning any conversation with Claude Baxter.

The further contention is made that the testimony was not offered for the purpose of showing how Mrs. Baxter was injured, and that appellant should have asked for an instruction limiting the effect of the testimony to the purpose for which it was introduced, namely, to show that the arm was paralyzed.

We think the objection urged disclosed clearly that it was the statement concerning what "killed the nerve" or paralyzed the arm, that was regarded as objectionable, because hearsay. That part of the testimony was not admissible for any purpose, and the court was requested to strike it out. Dr. Kaffie had been asked about statements on his part to the effect that the nerve had been killed, and, when counsel made his request to strike out, he did not include that part of Claude Baxter's statement to the effect that Dr. Kaffie said the nerve had been killed. This, in connection with the fact that the objection was directed particularly to the fact that Claude Baxter had now stated that the doctor said she was hit by the door of the street car, and that killed the nerve, shows clearly that the hearsay part of the answer was what was objected to.

We conclude there is no merit in the motions for rehearing, and they are overruled.