## LINN MOTOR CO. v. WILSON et al.
### (No. 1820.)

Court of Civil Appeals of Texas. Beaumont.
Feb. 27, 1929.

Orgain & Carroll, of Beaumont, for appellant.

O. M. Lord, of Beaumont, for appellees.

HIGHTOWER, C. J. The plaintiffs, J. C. Wilson and his wife, brought this suit against appellant, Linn Motor Company, to recover

868

damages for personal injuries alleged to have been sustained by Mrs. Wilson, as the result of a collision between an automobile in which Mrs. Wilson was riding and a motortruck driven by one of appellant's employés. The petition alleged, in substance, that about 5 o'clock p. m. on October 27, 1927, Mrs. Wilson and her daughter were traveling south on Sabine Pass avenue in the city of Beaumont, and that when their automobile reached the intersection of Sabine Pass avenue and Railroad avenue the automobile, which was being driven by Mrs. Wilson's daughter, was brought to a stop, in compliance with an ordinance of the city, and that while the automobile was stopped. a heavily loaded motortruck, owned by appellant and driven by one of its negro employés and going in a southerly direction on Sabine Pass avenue, ran into Mrs. Wilson's car at the rear thereof, with great force and violence, thereby seriously and permanently injuring Mrs. Wilson; the nature and extent of her injuries being specified in detail. It was alleged in the petition, in substance, that the driver of appellant's motortruck was guilty of negligence, which proximately caused Mrs. Wilson's injuries in four particulars, to wit: (a) That appellant's motortruck was being driven, at the time of the collision, in excess of 20 miles an hour, which was in violation of an ordinance of the city of Beaumont. (b) That appellant's driver of the motortruck failed to bring the same to a stop when the truck arrived at the intersection of Sabine Pass avenue and Railroad avenue, as was required by an ordinance of the city of Beaumont. (c) That appellant's driver failed to keep a proper lookout as the motortruck approached the intersection of the two streets. (d) That appellant's driver failed to have the motortruck under proper control at the time of the collision.

Appellant answered by general denial and specially averred that if Mrs. Wilson was injured, as alleged in her petition, appellant's negligence, if any, was not the cause thereof, but that her injuries were caused by the negligence of her daughter, who was driving Mrs. Wilson's automobile at the time, and that the daughter's negligence was the sole proximate cause of her injuries.

The case was tried with a jury and was submitted upon four special issues for the plaintiffs, in answer to which the jury found in favor of plaintiffs as to all of these issues. In other words, all the acts and omissions charged against appellant by plaintiffs, as above stated, were submitted for the jury's consideration, and the jury found that the appellant was guilty of negligence as to each act and omission charged, and that each was a proximate cause of Mrs. Wilson's injuries. The jury further found, in answer to a proper special issue, against appellant on its contention that Mrs. Wilson's injuries were caused by the negligence of her daughter, who was driving her automobile.

Upon the verdict as returned the trial court entered judgment in favor of Mrs. Wilson in a lump sum for $10,000, with interest at the rate of 6 per cent. from date thereof, and it is from this judgment that this appeal is prosecuted.

▉ The trial court, in the instructions to the jury, after telling the jury that the case was submitted to them, upon special issues and that the jury were the sole and exclusive judges of facts proved, the credibility of the witnesses, and the weight to be given their testimony, but that they would receive the law of the case from the court as was given in the charge, then gave the jury the following charge on the burden of proof: "The burden of proof rests upon the plaintiffs to establish by a preponderance of the evidence of the facts necessary to their recovery."

Counsel for appellant in due time tendered to the trial court objections to the charge on the burden of proof, as follows:

(a) Said charge is unintelligible and is calculated to cause the jury to return an erroneous verdict.

(b) Because said charge requires the jury to find the facts necessary to a recovery in favor of the plaintiffs, then to answer the issues in such way as to give the plaintiffs a verdict.

(c) Because it permits the jury to set up their own standard as to what facts are necessary for the jury to find in order to permit the plaintiffs to recover and is a charge on a mixed question of law and fact, requiring the jury to find the facts that as a matter of law would entitle the plaintiffs to recovery rather than to only be concerned with the facts in the case.

(d) Because said charge is too general and indefinite to guide the jury in their deliberation and in their findings of fact.

(e) Because said charge as worded is calculated to cause, and probably will cause, an improper verdict on the part of the jury and is calculated to be confusing to the jury.

The court overruled these objections, and its action in doing so is properly assigned as error by appellant.

According to the authorities in this state, relative to this question, the court was in error in giving the charge on the burden of proof, as above shown, and for that reason the judgment in this case must be reversed. Where this character of charge has come before any of our appellate courts, it has been condemned as reversible error, where the case was submitted upon special issues. It would serve no useful purpose for us to discuss this matter at length, because the reasons for condemning this charge are stated in the following authorities: Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680; M. K. & T.

Ry. Co. v. Thomason (Tex. Civ. App.) 3 S.W. (2d) 106; Morris v. Davis (now Nelson) Agent (Tex. Civ. App.) 3 S.W.(2d) 109. In the last-cited case it was the plaintiff who was complaining of the character of charge that we are now considering, and the appellate court held the charge to be reversible error, and a writ of error was granted by our Supreme Court in that case, but the judgment of the Court of Civil Appeals was affirmed, 13 S.W. (2d) 63.

■ It is earnestly insisted by learned counsel for appellees that even if the court's charge on the burden of proof here complained of was error, it was harmless to appellant for the reason, as counsel contends, that the undisputed evidence in this case showed that appellant's driver was guilty of negligence in all respects as found by the jury, and that such negligence was the proximate cause of Mrs. Wilson's injuries. We cannot agree with counsel for appellees in this, because in order to do so we would have to say that the record in this case shows as a matter of law that appellant was liable to Mrs. Wilson to the full extent of the judgment recovered by her. This we are unable to say, and must therefore sustain appellant's assignments challenging the court's charge on the burden of proof.

■■ Plaintiffs laid their damages in this case at $60,000, all of which amount they alleged was for injuries sustained by Mrs. Wilson, with the exception of $3,000, which amount plaintiffs alleged they had paid and obligated themselves to pay for physician's services in treating her and for medicines in her treatment. Issue No. 19 submitted to the jury was as follows:

"What sum of money, if paid now in a lump sum, would fairly compensate plaintiffs for the injury and damages, if any, sustained by Mrs. Wilson?

"Answer by giving the amount in dollars, if you find that the plaintiffs have sustained damages; or answer 'none,' if you find that no damages were sustained.

"In answering this question, you may take into consideration the mental and physical pain and suffering, if any, that plaintiff has suffered, if any, from the time of the injury, if any, to the present time, as well as the future suffering, if any, and the loss or impairment of her earning capacity, if any.

"You may also take into consideration the money paid, if any, for the fair value of physician's services from the time of the injury to the present time. * * * "

To the last paragraph of this charge counsel for appellant in due time tendered objections to the court on the ground that there was no testimony in the case showing that the amounts paid or promised to be paid by plaintiffs for physicians' services or medicine were reasonable charges therefor. The court overruled this objection, and counsel for appellant have assigned that action as error. The only testimony in the record bearing upon this point was that of Mrs. Wilson herself, which was, in substance, that she and her husband had paid out for physicians' services and medicine in treatment of her injuries between $800 and $1,000. She stated that for a long time after she was injured she had to have the services of a physician on an average of two or three times a day, and that she has been treated by physicians and compelled to buy medicine ever since she was injured in this collision. There was no testimony by any physician upon this point, nor from any other source as to the reasonableness of the charges made by physicians or as to the reasonableness of the charges for medicine. This being so, there was no evidence before the jury upon which to base the instructions here complained of by appellant, and its objection should have been sustained. Counsel for appellees makes the contention in this connection that the charge here complained of by appellant was not erroneous because, as counsel contends, the jury were authorized to infer from Mrs. Wilson's testimony, as we have stated it, that the amounts paid to physicians and for medicine in treatment of her injuries were reasonable charges, in the absence of any showing to the contrary. We cannot sustain counsel in this contention, because the authorities in this state are to the contrary. In the case of Corpus Christi Ry. & Light Co. v. Baxter (Tex. Civ. App.) 217 S. W. 187, the court had before it this very question and disposed of it as follows: "The court submitted as elements of damage expenses incurred for medical attendance and for medicines. The charge was objected to as to each item on the ground that there was no evidence that any expenses of either kind were reasonable. We conclude that under the rule established by our decisions, such evidence is necessary, and that it cannot be inferred that expenses are reasonable from the fact that the sums were exacted." See, also, Houston & T. C. Ry. Co. v. Rowell, 92 Tex. 147, 46 S. W. 630; Wheeler v. Ry., 91 Tex. 356, 43 S. W. 876; M., K. & T. Ry. v. Bellew, 22 Tex. Civ. App. 264, 54 S. W. 1079. It is clear from these authorities that the trial court was in error in permitting the jury to take into consideration expenses that had been incurred by the plaintiffs in treating Mrs. Wilson, because there was no evidence before the jury upon which they could arrive at any conclusion in that connection.

■ We have not overlooked the fact that counsel for appellant challenges the court's charge as being subject to the construction that it allowed the jury to award double damages in this case, but we conclude that this contention cannot be sustained and overrule it. We also overrule all other contentions made by counsel for appellant with the exception of their criticism of the court's definition of the term "proximate cause." The court defined "proximate cause" as follows:

" 'Proximate cause' as that term is used in this charge means the moving and efficient cause, without which the injury in question would not have happened. An act or omission becomes the proximate cause of any injury whenever such injury is the natural and probable consequence of the act or omission in question and one that ought to have been foreseen by a person of ordinary care and prudence in the light of attending circumstances." Counsel for appellant contended that this definition of "proximate cause" was not a sufficient and complete definition of "proximate cause," in that it omitted the necessary element therefrom of the intervention of a new or independent cause. As an abstract proposition, counsel for appellant are right in their criticisms of the court's definition of "proximate cause" as given, but whether the inaccuracy or incompleteness of the court's definition of "proximate cause" would of itself be reversible error in this case, we shall not undertake to determine, because in all probability this question will not arise upon another trial.

Counsel for appellant in due time also objected to the court's definition of "proximate cause," on the ground that it failed to define what the court meant by the term "moving and efficient cause" as used in the definition. It is counsel's contention in this case that the term "moving and efficient cause" is a legal term that is not understood by the ordinary juror, and that the court should have defined this term in order that the jury might have a complete definition of the term "proximate cause." This question will probably not arise upon another trial, and for that reason we decline to say whether or not the failure of the court to define the term "moving and efficient cause" was reversible error, if error at all. We are aware that the statute makes it the duty of the trial judge to define in his instructions to the jury such legal terms as may be necessary to guide the jury in making answers to special issues; but, as stated, it is unnecessary that we determine that the failure of the court complained of in this connection was error. We are aware that some of our courts have gone very far, in our opinion, in holding that trial courts were in error for failure to define legal terms, and we are unwilling to go any farther in that direction than other courts have already gone. Upon another trial of this case, if there be any, the trial court can obviate this criticism by giving to the jury the well-understood and often approved definition of the term "proximate cause" as applied in cases of this nature. He should tell the jury that the "proximate cause" of an injury, as used in cases of this character, is that cause which in a natural and continuous sequence, unbroken by any new independent cause, produces the injury, and without which the injury would not have occurred, and from which it ought to have

been foreseen or reasonably anticipated by the defendant, in the exercise of ordinary care that the injury complained of, or some similar one, would result naturally and probably, in the light of the attending circumstances.

The judgment is reversed, and the cause remanded.