## SALYER v. SHROPSHIRE.

### No. 5218.

Court of Civil Appeals of Texas. Amarillo.

Nov. 4, 1940.

Nelson & Brown and Geo. W. McCleskey, all of Lubbock, for appellant.

Hugh Anderson, of Lubbock, for appellee.

JACKSON, Chief Justice.

The record shows that on May 17, 1934 Charlotte Pool Shropshire during her lifetime made her last will and testament. After her death the will was filed in the County Court of Lubbock County and on October 20, 1938 admitted to probate and M. H. Salyer appointed independent executor of the will.

The testatrix left two minor children, Betty Lou Shropshire age ten and David Dial Shropshire age eight, and M. H. Salyer, who was the uncle of these minors, was, in addition to being designated as executor of the will, appointed and qualified as guardian of the estate of the minors.

J. E. Shropshire, the grandfather of Betty Lou and David Dial, was appointed and qualified as guardian of the persons of said minors.

The court on the agreement of the guardian of the estate and the guardian of the persons decreed that M. H. Salyer as guardian of the estate should pay monthly out of said estate the sum of $40 to the guardian of the persons of the minors for their support, education and maintenance. This agreed judgment also contained this stipulation: "Provided that in case of emergency such as illness and hospitalization necessary and incident thereto the personal guardian shall have the right to apply to the court having jurisdiction for an order requiring the guardian of their estate to pay such additional sums as may be necessary and that thereafter the amount of their needs shall be fixed and determined by the probate court having jurisdiction of the estate of said minors."

In the early part of 1939 J. E. Shropshire consulted Dr. Everett Dye, a practicing physician of Plainview, Texas, about the health of his wards and after an examination the doctor advised said guardian that Betty Lou was suffering with pyelitis, an infection of the kidneys, and she should have a cystoscopic treatment or operation and that such treatments were not to be had in Plainview. Acting on this advice J. E. Shropshire and his wife went with the minors to Hot Springs, Arkansas, and procured the services of Dr. Wood who examined and prescribed for Betty Lou and gave her one cystoscopic treatment. While in Hot Springs J. E. Shropshire rented a residence which he and the family occupied and paid therefor $1 a day for a period of thirty days. He paid Dr. Wood $112 for his services and paid a drug bill of $7.96.

These expenses were incurred by him as guardian of the persons of the minors and paid out of his own funds. He presented a bill for these expenses to the guardian of the estate with a request that it be allowed out of the estate of the two minors, but the guardian of the estate refused to approve or to disapprove the bill and the personal guardian of Betty Lou and David Dial instituted this suit in the County Court of Lubbock County against M. H. Salyer in his representative capacity and against the two minors to recover the doctor's bill of $112, the drug bill of $7.96 and the $30 rent paid for the residence occupied during their stay of thirty days in Hot Springs. He made the necessary allegations in his petition and prayed for judgment against the estate of Betty Lou and David Dial for the sum of $149.96.

The guardian of the estate in his representative capacity answered by general demurrer, general denial, pleaded the provisions of the agreed judgment to the effect that the personal guardian should have the right to apply to the court for an order for any additional sum necessary in emergencies such as illness and hospitalization and alleged that the personal guardian had not complied therewith and therefore was not entitled to recover.

The case was tried before the court without a jury and judgment rendered that J. E. Shropshire have and recover of and from the estate of Betty Lou the sum of $134.96 and from the estate of David Dial the sum of $15 with interest and for costs of suit, from which judgment the appellant, the guardian of the estate, prosecutes this appeal.

The appellant urges as error the action of the court in overruling his general demurrer to appellee's petition. His contention is that since the agreed judgment stipulated that for illness and necessary hospitalization the appellee should apply to the court for an order to appellant to pay the additional sums prior to incurring the expense and the appellee not having done so his petition was subject to a general demurrer.

It will be noted that this provision of the agreed judgment does not stipulate that application should be made prior to the expenditure. If such construction should be placed on this provision one or both of the wards might need emergency treatment which they would be unable to secure with the required promptness because of the in-

evitable delay consequent upon obtaining an order of the court.

■ The appellant challenges as error the action of the court in rendering judgment against the estate of Betty Lou for the sum of $134.96 and against the estate of David Dial for the sum of $15 for the reason that such judgments are not warranted either by the pleading or the proof.

The petition sought a joint recovery against the estate of the two minors and prayed that appellee "have judgment against said minors for the sum of One Hundred Forty-nine and 96/100 ($149.96) Dollars, etc." 25 Tex.Jur. 470. We find no testimony in the record and have been cited to none that any of the expenses sued for by the appellee were for the benefit of the minor David Dial. Hence, the court was not authorized to adjudge the $15 against his estate.

■ The appellant claims that the testimony fails to show that the $112 paid to Dr. Wood for his services or that the amount of $7.96 paid for drugs was reasonable.

The only evidence on the reasonableness of $112 is found in the testimony of Dr. Dye. After he testified that he had been engaged in the practice of medicine for seven years spending the entire period in Plainview, Texas; that he was not connected with any hospital or clinic; that he did not give cystoscopic treatments and they were not given in Plainview but that he had advised the appellee that Betty Lou should be given cystoscopic treatments, the attorney for the appellee stated to him that there was some testimony in the record to the effect that Betty Lou had been taken to Dr. Wood in Hot Springs, Arkansas, and treated there by him daily for a period of thirty days for which he had charged $112. The attorney then asked the witness if, from his experience and knowledge of the charges for such treatments, such charges were reasonable. The appellant objected to the testimony sought to be elicited because (a) the facts on which the interrogatory was based were not correctly stated nor disclosed by the record, (b) that the witness had not qualified himself to testify to what a reasonable charge was for such treatments at Hot Springs, Arkansas, where the service was rendered. The objection was overruled and the witness stated, without knowing but assuming a cystoscopic treatment had been given, the charge was not excessive. He was then asked if no cystoscopic treatment was given what would be a reasonable charge for the services. Over the same objections the witness was permitted to say that not including laboratory work a reasonable charge for thirty treatments at the office would be at least $3 per treatment. The witness then stated over the objections that the usual and customary charge for a cystoscopic treatment was from $25 to $55.

It will be noted that the witness had practiced medicine only in the city of Plainview where cystoscopic treatments were not given. He does not state that he had any information from any source as to what such charges usually and customarily were. He did not state that he knew what a reasonable charge for such service would be in Hot Springs, Arkansas, or any other place. There is no testimony in the record that Betty Lou was taken to Dr. Wood daily for a period of thirty days and received treatment each day. Dr. Dye as a practicing physician was qualified to give his opinion on injuries, diseases and the treatments therefor but he did not qualify as an expert on what reasonable charges were for a cystoscopic treatment in Hot Springs.

■ In our opinion the reasonableness of the fee for surgical or medical services would depend to some extent on the place, the size of the city or town where the service was rendered, the experience and ability of the physician or surgeon and the extent of his business.

In 13 Tex.Jur. 378, para. 218, the author says: "It is not sufficient to show that the plaintiff has been attended by doctors; there should be evidence of their charges and the reasonableness thereof. It has been held that proof that the plaintiff had paid the item of expense is not evidence of the reasonableness of the charge."

We find no testimony as to the reasonableness of the drug bill.

■ The burden of proof was on the appellee to prove that the expenses incurred for the minors because of sickness and hospitalization were reasonable.

In Wheeler v. Tyler S. E. Ry. Co., 91 Tex. 356, 43 S.W. 876, it is held that it was error to submit to the jury the issue of a medical bill agreed to be paid unless the amount sought was shown to be reasonable compensation for the services rendered. See also Houston & T. C. Ry. Co. v. Rowell, 92 Tex. 147, 46 S.W. 630; Owl

Taxi Service et al. v. Saludis, Tex.Civ.App., 122 S.W.2d 225.

The testimony failed to disclose how many office treatments the doctor had given Betty Lou or that she had received treatments daily for thirty days, hence, there was no testimony in the record on which the doctor could base his opinion on the reasonableness of the charge of $112.

In Moore et al. v. Rice, Tex.Civ.App., 110 S.W.2d 973, 978, the court said: "Dr. Gray testified to what constituted reasonable compensation for certain enumerated services to a sick man. The evidence fails to show that Rice rendered some of the mentioned services. The testimony to that extent was improper. Capitol Hotel Co. v. Rittenberry (Tex.Civ.App.) 41 S.W.2d 697; Prather v. McClelland, 76 Tex. 574, 13 S. W. 543, 548."

For the reasons discussed the judgment is reversed and the cause remanded.