# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00694-CV

**Linda S. Nowlin, Appellant**

**v.**

**Samarra Davis, Appellee**

---

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-15-010033, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

---

## MEMORANDUM OPINION

This is an appeal from the judgment of the county court at law of Travis County in a real-estate fraud case. After a bench trial, the court rendered judgment that appellant Linda Nowlin take nothing and that appellee Samarra Davis recover attorney's fees. We will affirm the judgment.

Davis's 2015 sale of her house at 10105 Ivanhoe Trail in Austin to Nowlin is the genesis of the underlying lawsuit. In connection with the parties' standard residential sales contract issued by the Texas Real Estate Commission, Davis delivered a "Seller's Disclosure Notice" to Nowlin. In section five of the notice, Davis checked the boxes indicating that she was unaware that (1) there were any repairs or additions made without necessary permits or not in compliance with the building code at the time; (2) there were any notices of violations of ordinances affecting the condition or use of the property; and (3) there were any conditions on the property which would materially affect the health or safety of a person.

After the purchase, Nowlin discovered that Davis had failed to disclose that a building permit, taken out by a prior owner to make repairs and additions to the house, had not been closed out.[1] To close the permit, Nowlin was required to make additional repairs costing $8,058.73. Davis claimed that she did not know that the previous owner had not closed out the permit.

Nowlin filed suit asserting that Davis's failure to disclose the defect in the property "of the open building permit and underlying defects preventing its closure" constituted common-law fraud, statutory fraud, and fraud under the Deceptive Trade Practices Act.

After rendition of judgment, the court filed findings of fact and conclusions of law finding, among other things, that the repairs and additions made to the house by the prior owner conformed to the then-existing building code and were subject to a permit even though the permit was never closed out. The court also found that Nowlin failed to prove any actual damages caused by any open permit or code-compliance issue. The court concluded that Davis's answers in the Seller's Disclosure notice made no affirmative misrepresentation.

Nowlin argues on appeal that the evidence established that Davis committed common-law fraud, statutory fraud, and fraud under the Deceptive Trade Practices Act. In response, Davis maintains that the judgment should be affirmed because Nowlin failed to prove actual damages. We agree.

Each of Nowlin's fraud theories requires proof of actual damages. *See Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 823 (Tex. 2012) (fraud under the Deceptive Trade Practices Act); *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009)

---

[1] As we understand, a building permit is "closed out" when the required work is completed and is inspected and approved by the city.

(common-law fraud); *Trinity Indus. v. Ashland, Inc.*, 53 S.W.3d 852, 867 (Tex. App.—Austin 2001, pet. denied) (statutory fraud).

As evidence of damages, Nowlin offered a spreadsheet created for the lawsuit and assorted canceled checks. She offered no proof that the sum paid for such repairs was reasonable. But proof of the amounts charged and paid, standing alone, is not enough. The rule has long been that recovery of such expenses will be denied in the absence of evidence showing that the charges were reasonable. *Dallas Ry. & Terminal Co. v. Gossett*, 294 S.W.2d 377, 382 (Tex. 1956); *Wheeler v. Tyler S.E. Ry. Co.*, 43 S.W. 876, 877 (Tex. 1898).

Nowlin next challenges the court's grant of attorney's fees to Davis. The court allowed attorney's fees consistent with the parties' sale contract. Paragraph 17 of the contract provides:

> 17. ATTORNEY'S FEES: A Buyer, Seller, Listing Broker, Other Broker, or escrow agent who prevails *in any legal proceeding* related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding.

(Emphasis supplied.) Nowlin argues that Paragraph 17 does not authorize fees here because (1) her case against Davis sounded in fraud rather than contract, and (2) Davis's pleading requesting attorney's fees was not denominated a "counterclaim."

Nowlin's first argument is contrary to this Court's holding in *Lawson v. Keene*, No. 03-13-00498-CV, 2016 WL 767772, at *4 (Tex. App.—Austin Feb. 23, 2016, pet. denied) (mem. op.). In *Lawson* this Court held that the language of paragraph 17 permits an award of attorney's fees in a claim sounding in fraud arising from the standard real estate contract promulgated by the Real Estate Commission.

3

By her second argument, Nowlin insists, incorrectly, that Davis's claim for attorney's fees was required to be asserted in a counterclaim. Nowlin furnishes no authority for her argument. It is undisputed that Davis's trial pleading requested attorney's fees and cited the real-estate contract as authority for their award. We are satisfied that such pleading gave fair notice to Nowlin that Davis sought attorney's fees pursuant to the contract. *See Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 885–86 (Tex. App.—Dallas 2009, no pet.). In any event, the issue was tried by consent when the court admitted evidence of Davis's attorney's fees without objection. *See* Tex. R. Civ. P. 67 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").

Finally, Nowlin asserts error by the trial court in requiring her to post bond to supersede the judgment. But Nowlin moved the court to set a supersedeas bond, although she argued that the amount of the bond should be zero. The court, instead, set the amount of security at $30,102.16, describing that sum as necessary to protect Davis.

Nowlin did not seek appellate review of the trial court's determination of the amount of the supersedeas bond as provided by Texas Rule of Appellate Procedure 24.4. *See* Tex. R. App. P. 24.4(a)(1) (allowing appellate court to review, on motion of party, the sufficiency or excessiveness of amount of security). Instead, after making a $30,102.16 cash deposit in the registry of the court, Nowlin sought relief from the judgment lien attaching to one of her several properties which she wished to sell, arguing that the cash deposit in the registry of the court in this case served as ample security for the judgment, thereby obviating the need for the lien. Davis, in turn, moved to increase the supersedeas deposit. At the close of a hearing on

one of the several motions, Nowlin's attorney asked the court to "leave the bond as it is." On the same day of that hearing, the court ordered the release of the judgment lien.

Nowlin never moved the trial court to adjust the amount of the supersedeas bond. In fact, she urged just the opposite—to "leave the bond as it is." Accordingly, she has no complaint for appellate review. *See id.* R. 33.1.

Further, because the court ordered release of the judgment lien at Nowlin's request and did "leave the bond as it is" as she requested, any error in not adjusting the supersedeas bond would be "invited error." *See Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) (noting that invited-error doctrine prevents party from "complain[ing] on appeal that the trial court took a specific action that the complaining party requested").

The judgment is affirmed.

_____
Bob E. Shannon, Justice

Before Justices Kelly, Smith, and Shannon*

Affirmed

Filed: June 12, 2019

\* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

5