DALLAS & G. R'Y CO. v. MARTHA CHENAULT.

(No. 6281.)

APPEAL from Dallas County. Opinion by HURT, J.

W. W. LEAKE and FITZHUGH & WOZENCRAFT, counsel
for appellants.

No counsel appeared for appellee.

§ **111.** *Argument; right to open and conclude; facts
held not to constitute a waiver of.* This suit was brought
by the company to condemn certain lands owned by
Mrs. Chenault and others. Commissioners were ap-
pointed and qualified, as required by law. They awarded
the defendants $1,620 damages. Both parties filed op-
position to the award, and the case went to the county
court. In the county court the jury returned a verdict
in favor of defendants for $1,577, and judgment was en-
tered accordingly. Motion for new trial being overruled,
appellant excepted, gave notice of appeal and brings the
case to this court. Defendants admitted the right of
the company to condemn the land. The company, with-
out being required to do so by the court, but of its own
volition, introduced its evidence first. After the evidence
had closed defendants demanded the right to open and
conclude the argument to the jury. Appellant objected
because defendants had waived their right by permitting
plaintiff to introduce its evidence first without objection.
We are of opinion that these facts do not constitute a
waiver of the right to open and conclude the argument.

If the court had forced the appellant to first introduce its evidence, and it had objected, a question would have been presented; but appellant seems to have proceeded with its evidence voluntarily, and should not thus be allowed to deprive appellees of their right to open and conclude the argument.

§ **112.** *Condemnation of land; measure of damages; evidence; opinion of witness.* There was, as usual, a contest before the jury as to the damages or decrease in value to the residue of the land by reason of the construction of the railway and its operation across the land. Several witnesses testified that the tract of land was damaged from $2,000 to $3,000. This was their opinion. They said they did not know how much it had decreased in market value; that, if they owned the place, they would consider they had been damaged that much. To this evidence appellant objected. We are of opinion that, when considered with reference to the charge of the court, there was no error in this matter. The amount of damages or depreciation in the land is a matter of opinion. No witness can be certain as to the exact amount of damages thus resulting. The court instructed the jury that the burden of proof was upon the appellees to show by a preponderance of testimony the damages sustained by them; and upon the measure of damages the court charged: "If the value of the land was equally as great, or greater, immediately after the taking than it was before, then you will find against the defendants upon the plea for resulting damages. If the value of the land was less immediately after the taking and the construction and operation of the railway than it was immediately before, and you further find that said decrease in value was the result and necessary consequences of the construction and operation of the railway across the land, then you will ascertain the amount of such decrease in value, and find for defendant the amount of the same, in addition to the value of the

land actually taken." Here we have a clear and simple charge applicable to the measure of damages in such cases, and we do not think that there was any danger of the jury being misled by the testimony of the witnesses, above referred to.

May 10, 1890. ·                              Affirmed.