CONCHO, S. S. & L. V. RY. CO. v. SANDERS.

(Court of Civil Appeals of Texas. Austin. Feb. 14, 1912.)

1. APPEAL AND ERROR (§ 232*)—REVIEW—OBJECTIONS—SCOPE.

Where evidence is objected to only on the ground that it is irrelevant, immaterial, and incompetent, an objection that the witness was not qualified will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1430; Dec. Dig. § 232.*]

2. EMINENT DOMAIN (§ 90*)—DAMAGES TO LAND NOT TAKEN.

In condemnation by a railroad, damages to a tract of land adjoining that taken, fenced in a common inclosure, and used in connection therewith, may be recovered, since Rev. St. 1895, art. 4459, authorizes the recovery of damages to land not taken.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 90.*]

3. TRIAL (§ 295*) — INSTRUCTIONS — CONSTRUCTION.

The whole of a charge should be considered in determining whether it is erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

4. EMINENT DOMAIN (§ 222*)—DAMAGES—INSTRUCTIONS.

In condemnation, where there is no issue that the land is less valuable at the time of trial than when it was taken, and the evidence merely shows the value without reference to time, a charge limiting the recovery to the value at the time the land was taken is not error.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 562–567; Dec. Dig. § 222.*]

Error from Tom Green County Court, Milton Mays, Judge.

Condemnation proceedings by the Concho, San Saba & Llano Valley Railway Company against R. J. Sanders. Judgment for defendant on a verdict, and plaintiff brings error. Affirmed.

Wright, Wynn & Bartholomew and Hill, Lee & Hill, for plaintiff in error. Bell & Upton, for defendant in error.

RICE, J. On the 22d of March, 1910, plaintiff in error filed its application with the county judge of Tom Green county to condemn for right of way purposes 10.16 acres of land belonging to defendant in error, out of surveys No. 260, in the name of Carl F. Otto, and 261 in the name of Ferd Mund, situated in Tom Green county, fully describing the same, and alleging that the company was unable to agree with the owner for the purchase of said land, and that it had offered him $152.40 for it, asking for the appointment of commissioners to assess damages, etc. The judge thereafter appointed three commissioners for such purpose, one of whom declining to act, another was duly appointed instead, who, after giving the proper notice, convened and heard the condemnation proceedings, assessing damages in behalf of defendants in error in the sum of $152.40. The defendant in error in due time filed his objection to said award of the commissioners, and appealed the case to the county court, where a jury trial was had which resulted in a verdict and judgment in behalf of the defendant in error for the sum of $828, embracing damages for the value of the land actually taken, as well as damages to the remaining tracts belonging to him, which defendant in error alleged had been injured by reason of the land's being so condemned and taken for railroad purposes.

[1] The first assignment of error claims that the court erred in permitting the witness Brown to state that the land taken was off of river surveys, and that these river surveys were worth $25 per acre. The objection to this evidence was that it was irrelevant, immaterial, and incompetent. Defendant in error contends that, since no objection was made on the ground that the witness was not qualified to speak, the court did not err in permitting him to so testify. On appeal we are confined to a consideration of the very objection made to the admission of the evidence in the court below. It would be unfair to the defendant in error to consider an objection here not urged in the trial court, because, if the objection had been made, the defendant in error might have avoided the effect thereof by showing that the witness was qualified to speak upon the subject in hand. The testimony complained of was relevant and competent, and therefore the objection offered was not tenable. See Wheeler v. Tyler S. E. Ry. Co., 91 Tex. 356, 43 S. W. 876; Waller v. Leonard, 89 Tex. 507, 35 S. W. 1045. Since no proper objection was made to the testimony at the time, no error is shown, for which reason we overrule this assignment.

[2] We do not think there is any merit in the complaint that the defendant was permitted to recover for damages to a 19-acre tract belonging to him, on the ground that the same was no part of either survey 260 or 261, since Revised Statutes 1895, art. 4459, not only permits the landowner to recover for the land actually taken, but likewise for damages to his remaining land as well. The 19 acres which defendant in error claims was damaged, and for which he was allowed to recover, adjoined the two tracts through which the right of way actually ran, was fenced in a common inclosure, and used in connection therewith. This being true, he was entitled in this proceeding to recover whatever amount of damage he may have sustained by reason of the condemnation proceedings. Apart from this, our law abhors a multiplicity of suits, and encourages proceedings whereby the entire controversy in dispute may be disposed of

in one **action, for which** reasons this assignment is overruled.

[3] The court did not err, we think, in charging that defendant in error was entitled to recover for the land actually taken; nor do we think that the charge as contended for under the fourth assignment assumes that the remaining portion of the land was injured by reason of the construction of the right of way across the two surveys, through which plaintiff's railway ran. The charge does not, in our judgment, assume any injury as to the remaining tracts, but expressly tells the jury to consider damages to such remaining tracts, "if any," thereby clearly making the defendant in error's right to recover depend upon the fact that they should believe that such remaining tracts had been injured before he was entitled to recover. The whole charge, we think when taken together, as it should be construed, is not open to the objection urged against it in this assignment.

[4] It is asserted on the part of plaintiff in error that the court erred in limiting defendant's recovery to the value of the land at the time when the same was taken in contradistinction to its value at the time of the trial. We overrule this assignment because the charge, we think, does not so limit the jury in their consideration. The language used is in the present tense. Besides this, no issue was raised that the land was less valuable at the time of the trial than it was when it was taken, and the evidence merely shows the value of the land without reference to time.

The remaining assignments have been duly considered, and are regarded as without merit and are therefore overruled.

Finding no error in the proceedings of the trial court, its judgment is in all things affirmed.

Affirmed.