**READY et al. v. CITY OF MARSHALL.**
No. 15168.

Court of Civil Appeals of Texas. Fort Worth.
Oct. 27, 1950.

Feild & Woodall and Benjamin Woodall, all of Marshall, for appellants.

Gaines Baldwin, of Marshall, for appellee.

SPEER, Justice.

Appellee City of Marshall instituted condemnation proceedings against appellants J. P. Ready and others, to condemn an easement on a described strip of land, on which to lay a water main in connection with its public water supply system.

The City complied with all the provisions of Article 3264, R.C.S., Vernon's Ann.Civ. St. art. 3264. Commissioners were appointed, acted and reported in conformity with the several sections of the last cited statute. The land owners were dissatisfied with the award, filed their objections thereto, asserting that the award was insufficient in amount and appealed to the county court where the case was tried to a jury on special issues. Judgment was entered on the verdict in favor of appellants for $1 and they have appealed.

There is no controversy here in regard to any of the proceedings prior to the time for argument of counsel to the jury. The sole question raised on this appeal by several points of error is whether or not the trial court erred in overruling the request of appellants, the land owners, to open and conclude the argument to the jury. All points of error relate to the action of the court in this respect and the points were at all times preserved.

The report of the commissioners is in the record but of course was not in evidence before the jury. That report, among other things, reveals that the commissioners found the combined injuries sustained by the land owners for the easement and damage to other land was $25, it being the same amount the City had previously offered to pay. After the award of the commissioners was made and prior to trial, appellee paid into court the $25 award and otherwise complied with the provisions of Article 3268, R.C.S., and took possession of the strip of land required for the easement and before trial had installed the water line.

Prior to the commencement of the trial from which this appeal came, the parties

entered into a stipulation of facts which, omitting style of the case and signatures, reads:

"Now come the City of Marshall, plaintiff, by its attorney and the defendants, J. P. Ready and wife Jewel Ready, and R. D. Ready and wife Winnie C. Ready, by their attorney, and stipulate and agree in connection with the above numbered and entitled cause, the following:

"That the property belonging to the defendants sought to be condemned by the plaintiff herein is subject to condemnation proceedings, and that the plaintiff is entitled to have the same condemned and has condemned and gone into possession thereof in the manner provided by law; and that the only issues between the plaintiff and the defendants is the value of the property taken and the damage done to these defendants' property adjoining that which has been condemned by the plaintiff, and the parties hereto do further agree that any award made to the defendants herein as to the value of the property taken, and/or damage done to the defendants' adjoining property, if any, may be made in bulk."

A jury panel was examined by counsel for all parties and as disclosed by an approved bill of exception both attorneys advised the panel on voir dire that the only issue to be tried by them was that of damages. The jury being impaneled, appellee began the introduction of its testimony by offering in evidence the above agreed stipulation of facts and this was followed by the testimony of witnesses showing that the City had already laid the water line, its depth and location of fire hydrants with respect to appellants' remaining property. It offered other testimony tending to show that the strip of land upon which it laid the water line was worth as much on the market after laying the line as it was before and that the location of the line enhanced the value of appellants' remaining land twenty per cent over what it was worth prior to laying of the line.

After appellee rested appellants offered testimony to the effect that their 11.75 acres of land before the water line was installed had a market value of $250 per acre, that the thirty foot strip condemned was worth $80 and the value of the strip after installation was worth "exactly nothing." The same witness testified that after the easement was acquired the remainder of appellants' land was worth $355.75 less than before the easement was acquired. Both parties offered additional testimony but we have only mentioned the above to show where the real controversy lay.

The court read his charge and when finished appellants' counsel requested that he be allowed to open and conclude the arguments. Appellee's counsel objected and claimed that right. The court overruled appellants' request.

There were four special issues submitted. Numbers one and two were, in effect, "from a preponderance of the evidence" find the value of the easement strip before its acquisition and immediately afterwards. The answer to each was $16. Likewise issues three and four inquired: "From a preponderance of the evidence" find the market value of the remainder of appellants' land immediately before the easement was acquired and immediately afterwards, and the answer to each was $671.50. There is no complaint as to the manner in which the issues were submitted, hence our abbreviation.

We have called attention to the only issues submitted to show that the two elements of recoverable damages to which appellants might have been entitled were submitted.

 We do not believe the stipulation of facts above quoted by us is a compliance with the provisions of Rule 266, Texas Rules of Civil Procedure, entitling appellants to open and conclude the argument. The stipulation is no more than an admission that appellee is a legal municipality and entitled to the right of eminent domain under the law; that the City had condemned the property and had taken possession thereof in the manner provided by law; and that the only issues remaining to be tried were those of damages sustained by appellants. Apparently appellants could not disprove the right of appellee to condem-

nation and made the admission to conserve time and record space. We do not believe that appellants' right to open and close the argument in this case was dependent upon filing such admissions as are provided for in Rule 266, T.R.C.P. We have concluded that appellants' right in this respect is controlled by Rule 269, T.R.C.P. Rules 266 and 269 must be construed together, one is cumulative of the other. This is true since Rule 266 begins with these words: "Except as provided in Rule 269 the plaintiff shall have the right to open and conclude both in adducing his evidence and in the argument," unless the burden of proof is on defendant or unless defendant shall have entered of record certain specified admissions. Rule 269 provides, in effect, that the party having the burden of proof of the whole case, "or on all matters which are submitted by the charge * * * shall be entitled to open and conclude the argument". It will be noted that in the last cited rule nothing is said as to which shall first introduce his testimony but the rule is designed to determine their rights when fact issues are made and submitted to the jury. Such instances could perceivably arise when plaintiff has made a case for recovery and judgment could only be defeated by a pleaded defense which defendant has the burden to prove, in which event defendant would be entitled to open and close the argument under the cited rule.

In the instant case the commissioners had assessed the damages and if the provisions of Article 3268 were complied with, appellee had paid the award into court along with an equal amount and filed a bond to secure payment of any additional sum appellants might recover in this suit.

Some of the early authorities held that the burden of proving the value of property taken and damages to other property of the land owner rested upon the condemnor, but the courts have rejected that theory, and it now seems that the burden rests upon the land owner. 16 Tex.Jur., p. 809, sec. 174; 4 Tex.Jur., 10 Year Supp., p. 508, sec. 174; City of San Antonio v. Fike, Tex.Civ.App., 211 S.W. 639, 640; Pillot v. City of Houston, Tex.Civ.App., 51 S.W.2d 794; Keller v. Miller, Tex.Civ.App., 207

S.W.2d 684, 691, writ refused, n.r.e. (An interesting article on the subject is to be found in Texas Law Review, Vol. 23, p. 293).

In Nass v. Nass, Tex.Civ.App., 224 S.W.2d 280, affirmed by the Supreme Court, 228 S.W.2d 130, a party proposed the probate of a will; contestant claimed the will had been revoked by a subsequent one and proposed the probate of the later instrument. At the trial the issue was, did the last will revoke the former one. It was held that the burden of proof was upon the contestant proposing the second instrument and that he had the right to open and conclude the argument.

As above indicated, the stipulated facts eliminated everything in the case except the amount the land owners should recover for the land taken and damages to adjoining lands and that both items, if any, could be assessed in a single amount. In keeping with the proven and uncontradicted facts the court submitted for jury determination only the two elements of injury and damages upon which to base a judgment for appellants' recovery. In view of this record we think the burden of proof was on the land owners to show the market value of the land taken for the easement and any damages they may have sustained by reason of that taken to their remaining lands. If we are correct in this then under Rule 269 their counsel was entitled to open and conclude the argument.

Many cases are cited by appellee which contain language tending to support its contentions but they are constructions of statutes and former court rules prior to the adoption of Rule 269.

The right to open and conclude the argument to the jury is a valuable one, especially where the issues are closely drawn and sharply contested. 41 Tex.Jur., p. 749, sec. 42; Stolpher v. Bowen Motor Coaches, Inc., Tex.Civ.App., 190 S.W.2d 376, 380 writ refused, w.m.

The fact that appellee offered its testimony first at the trial without objection by appellant does not alter the situation before us. Appellee had the burden of showing it had the legal right of eminent

domain and that the property sought to be condemned was necessary, and proved those things by the facts' stipulated. Failure of appellants to object to appellee's offering its testimony first did not waive their right to open and conclude the argument when all issues, except those as to amounts of injury and damage, were definitely eliminated by the uncontroverted evidence contained in the stipulation. Dallas & G. Ry. Co. v. Chenault, Tex.Civ.App., 16 S.W. 173.

In the situation before us, we hold that appellants were entitled to open and conclude the argument in this case and having been denied that right, the judgment must be reversed and the cause remanded for another trial, and if upon another trial conditions are the same as those now before us, they should be accorded that right.

Reversed and remanded.