Mrs. Anna Bell (Lay) HARRISON et vir, Appellants,

v.

Herbert CHESSHIR et al., Appellees.

No. 6802.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 29, 1958.

Rehearing Denied Oct. 27, 1958.

Calloway Huffaker and Harold Green, Tahoka, for appellants.

Morgan L. Copeland, Hackney & Crawford, Brownfield, for appellees.

NORTHCUTT, Justice.

We will present this matter as Mrs. Harrison being the sole appellant, since she is the real interested party.

The appellant, Anna Bell (Lay) Harrison, was duly elected as the commissioner of Precinct No. 3, Terry County, Texas, at the 1956 elections, and she thereafter duly and properly qualified for such office, and proceeded to act as such commissioner. On May 11, 1957, the appellant married E. W. Harrison. At the time and prior to said marriage she was a resident of her Precinct, and no question is involved in this case as to her residence in said Precinct, or her right to hold her office as commissioner of said Precinct prior to the date of her said marriage.

On August 5, 1957, the appellee, Herbert Chesshir, who is the county judge of Terry County, summarily declared that the office of commissioner of Precinct No. 3 was vacated, and thereafter Eulice H. Farrar was appointed to said office, and thereafter qualified by taking the oath and giving bond and received his commission to said office. Thereafter on August 19, 1957, the appellees, who comprise the Commissioners Court of Terry County, Texas, including the said Eulice H. Farrar, filed an application for an injunction against the appellant to enjoin her from in any manner acting, or attempting to act, as commissioner of Precinct No. 3 of Terry County, Texas. The appellant duly and timely filed an answer to said petition, and, also, filed a cross action seeking to obtain an injunction on her behalf, and, also, to have it declared that she was in fact the commissioner of Precinct No. 3.

On August 28th the trial court heard said application, and on September 9th entered a judgment granting the temporary injunction sought by the appellees herein; however, no appeal was taken from said judgment, but the case was set down for trial and proceeded to trial on the 12th day of November, 1957 before a jury. The cause was submitted to the jury upon three special

issues and based upon such verdict the trial court entered judgment herein, appealed from on the 29th day of November, 1957, said judgment being in the form of an injunction enjoining the appellant from in any manner attempting to act as commissioner of said Precinct No. 3, and, also, denied the relief sought by the appellant under her answer and cross petition.

In due and proper time the appellant presented her Motion for New Trial, the same was overruled, proper notice and appeal bond was given and filed, and this cause is now before this Court for consideration.

■ By appellants' first six points of error it is contended that there was no evidence and also insufficient evidence to support findings of the jury as to the three issues submitted by the court. By the first issue the court inquired as to whether at any time between May 11, 1957, and August 5, 1957, appellant failed to reside in Precinct 3, Terry County, Texas. By the second issue the court inquired as to whether at the time appellant failed to reside in Precinct 3, Terry County, Texas, if she did, she then had the intention to then and there reside permanently in Lubbock County, Texas. Then by the third issue the court asked whether at the time appellant failed to reside in Precinct 3, Terry County, Texas, if she did, she then had the intention to then and there abandon the house located in Precinct 3, Terry County, Texas, as her place in which to reside, and all three issues were answered in the affirmative. If appellant moved out of Terry County and resided in Lubbock County she naturally forfeited her right to hold the office of County Commissioner of Precinct 3, Terry County, Texas, under the terms of Section 14 of Article 16 of the Texas Constitution, Vernon's Ann.St.

■■ It is elementary law that if there be sufficient evidence of probative force to support the findings of the jury the parties to the suit and the appellate courts are bound thereby. In determining the sufficiency of the evidence to support the jury's findings we must give credence only to the evidence and circumstances favorable to the findings and disregard all evidence to the contrary. Truelove v. Truelove, Tex.Civ. App., 266 S.W.2d 491 (writ refused) and the cases there cited.

■ For the purpose of this record we quote some of the testimony which we think is sufficient to sustain the jury's findings. On June 15, 1957, after having married on May 11, 1957, Mr. and Mrs. Harrison executed and had filed a homestead designation and also a deed of trust in which they stated they occupied and resided in their home in Idalou, Lubbock County, Texas, ever since their marriage. Judge Herbert Chesshir testified that appellant prior to her marriage would be in the Commissioners Court office once to three or four times a week other than during regular and special court meeting days but after June 1, 1957, he never saw her around except on regular meeting dates of the court. The County Judge, and also the County Commissioners, testified that on these regular meetings of the court the appellant often spoke of driving down from Idalou, Texas, and how far she had to drive to the Commissioners Court meetings. Bryan Hulse, County Commissioner in Hockley County, testified appellant told him she was living in Idalou temporarily but they would move to their new home near Petersburg when it was completed. Gus Scoggins testified he had a conversation with appellant in Idalou when she stated: "This is not much of a place to live. We are camped here for the time being. We are planning to build a new home." Walter McKee stated that in the presence of Bud Britton and A. Morris appellant told him she was going to get married to Ed Harrison and move to Petersburg right after she got married. Mr. Britton testified to the same thing. Carl Stephenson testified that on May 12, he had a conversation with appellant when she told him she was going to move to Petersburg, going to live up there and be Commissioner of Terry County if the Commis-

sioners would keep their mouths shut. None of this testimony was denied. There is other testimony to the same effect. It is to be noticed that Mrs. Harrison did not take the witness stand and personally refute this testimony. We overrule appellants' first six points of error.

■ By appellants' points of error seven and eight she contends the court erred in refusing her, after her admissions, the right to first examine the jury and to open and close the evidence and arguments to the jury. All the appellant admitted was the fact that the County Judge of Terry County, declared the office of Commissioner for Precinct 3 vacant and by appointment, valid on its face, appointed the cross-defendant Eulice H. Farrar as Commissioner for said Precinct 3, and that thereafter, pursuant to the laws of the State of Texas, there was issued to Farrar the commission to said office under which commission he was then acting as Commissioner of said Precinct which commission was valid on its face. It is to be noticed, however, that appellant attempted to still act as County Commissioner. In the following paragraph of said admission, however, she denied that said office was vacated and that she had at no time prior thereto vacated said office. We are of the opinion that if appellant at all times involved herein continued to reside in Precinct 3, Terry County, Texas, that regardless of the action of the County Judge and Commissioners in declaring the office held by her vacant, their action would be void and she would have been the rightful holder of the office. Naturally, then the burden of proof was upon appellees, as plaintiffs, to show she had moved out of the precinct. Rules of Texas Civil Procedure, 265, 266 and 269. But should we be wrong in our views that the burden of proof was upon the appellees and they had the right to open and close the case, we still think the burden was upon appellant to show from the record as a whole that the error complained of amounted to such a denial of the rights of

appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860, by the Supreme Court and the cases there cited.

■ By appellants' points of error nine, ten and eleven it is contended that the court erred in admitting appellees' Exhibits three and four, being the homestead designation and the deed of trust in which appellants stated they had resided in Idalou ever since their marriage. The undisputed record in this case shows that it was stipulated in this same case upon a hearing for temporary injunction that the instrument was filed and executed voluntarily with all the formalities required by law as of the records in the deed records of Lubbock County, Texas, and that it was a valid instrument and introduced in that hearing. The appellant being present in court and knowing that it had been stipulated that she had voluntarily filed and executed such instrument did not take the witness stand in her own behalf or in any way try to explain such instrument. We think the instruments were properly admitted in evidence. The court instructed the jury they could only consider such instruments to determine whether or not appellant at any time between May 11 and August 5, 1957, actually resided in Lubbock County and whether or not she then and there had the intention to reside permanently in Lubbock County and to abandon the house in Terry County as the place in which to reside. Rule 434, Texas Rules of Procedure, provides:

"Provided, first, that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant

**914**

as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; and if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error."

See also Leyendecker v. Harlow, Tex.Civ. App., 189 S.W.2d 706 (writ refused WM).

As to the contention of appellant concerning the admissibility of certain hearsay evidence and refusal to admit other evidence and also as to argument of counsel we find no error and overrule such assignments.

 By appellant's forty-sixth point of error it is stated plaintiffs had an adequate remedy at law to determine the question as to who was entitled to the office of Commissioner of Precinct 3, Terry County, Texas, hence, they were not entitled to the injunctive relief sought by them and the trial court erred in overruling defendants' exception to plaintiffs' petition based upon such grounds and further erred in granting such injunctive relief. Appellant, however, sought injunctive relief in the trial court as shown by her pleadings. Appellees did not bring this suit to determine the question as to who was entitled to the office of Commissioner of Precinct 3, Terry County, Texas. This action was brought to restrain appellant from doing certain things. Section 14 of Article 16 of the Texas Constitution required appellant to reside in her district or county and if she did not do so the office was vacated. This provision of the Constitution is self-enacting. Prince v. Inman, Tex.Civ.App., 280 S.W.2d 779. Consequently, if she resided in Lubbock

County, Texas, appellees were entitled to injunctive relief prohibiting her from doing the things as they prayed for.

By appellants' remaining assignments she insists that the court erred in submitting the issues as submitted and that the court erred in refusing the special issues requested by appellant and the requested instructions. The three issues submitted to the jury and their answers thereto and definition of "reside" were as follows:

"Special Issue No. 1.

"Do you find from a preponderance of the evidence that at any time between May 11, 1957, and August 5, 1957, Mrs. Anna Bell Harrison failed to reside in Precinct 3, Terry County, Texas?

" 'Reside' Reside, as used in this charge, means to actually live in a place or locality and occupy it as the place of living, abode and home.

"Answer 'Yes' or 'No'.

"Answer: yes.

"If you have answered Special Issue No. 1 'Yes', then answer Special Issue No. 2, otherwise do not answer it.

"Special Issue No. 2.

"Do you find from a preponderance of the evidence that at the time Mrs. Harrison failed to reside in Precinct 3, Terry County, Texas, if she did, she then had the intention to then and there reside permanently in Lubbock County?

"Answer 'Yes' or 'No'.

"Answer: yes.

"If you have answered Special Issue No. 1 'Yes', then answer Special

Issue No. 3, otherwise do not answer it.

"Special Issue No. 3.

"Do you find from a preponderance of the evidence that at the time Mrs. Harrison failed to reside in Precinct 3, Terry County, Texas, if she did, she then had the intention to then and there abandon the house located in Precinct 3, Terry County, Texas, as her place in which to reside, as that term has been defined to you?

"Answer 'Yes' or 'No'.

"Answer: yes."

A residence is established by personal presence in a fixed and permanent abode with intention of remaining there. The fundamental elements necessary to create a residence in a particular place are actual bodily presence in the place combined with a freely exercised intention of remaining there permanently or for an indefinite time without any present intention to remove from the same. A person's intention to remain at a certain place is a matter particularly within his knowledge and his statements and actions as to his intention as to residence are presumed to be made with full knowledge of the legal import of his statements and actions. We are of the opinion that under this record there is sufficient evidence to establish that appellant was residing in Idalou, Lubbock County, Texas, with the intention that at sometime in the future to remove to her new home near Petersburg, Hale County, Texas, with no intention of returning to Terry County.

We are of the opinion the trial court properly submitted the issues involved in this case and that appellants' assignments of error should all be overruled.

The judgment of the trial court is affirmed.