**Mrs. Anna Bell (Lay) HARRISON et vir., Appellants,**

**v.**

**Herbert CHESSHIR et al., Appellees.**

No. 6802.

Court of Civil Appeals of Texas. Amarillo.

March 16, 1959.

County to another county and thereby lost her right to act as Commissioner in Terry County. In the trial court, the case was tried to a jury which found that Mrs. Harrison between May 11, 1957, and August 7, 1957, failed to reside in Precinct 3, Terry County, Texas; that at that time she had the intention to then and there reside permanently in Lubbock County; and, that she then had the intention to then and there abandon the house located in Precinct 3, Terry County, Texas, as her place in which to reside. The trial court rendered judgment upon the findings of the jury enjoining Mrs. Harrison from in any manner attempting to act as Commissioner of Precinct 3, Terry County, Texas, and this court in our former opinion affirmed the judgment of the trial court. As we understand the Supreme Court's opinion referred to, it has approved our disposition made of all of appellants' assignments of error except points of error numbers two, four and six.

By points of error two, four and six the contention is that the answers of the jury to the issues were so against the overwhelming weight and degree of the evidence as to be manifestly wrong and unjust and showed that such answers of the jury were arrived at by them through passion and prejudice against appellant. We know of no measure of the weight of the evidence (unless the witnesses on the evidential facts are counted) other than the feeling of probability which it engenders. The problem of proof cannot be resolved scientifically by quantitative analysis. Preponderance is not alone determined by the number of witnesses testifying to a particular fact or state of facts. It may occur that the statement, or the superior knowledge of the subject matter testified to, of one or a few witnesses may be of more importance, and be relied upon with a greater degree of assurance than that of greater number; and the testimony of the witnesses are oftentimes strengthened or weakened by other facts and circumstances disclosed by the evidence.

Calloway Huffaker and Harold Green, Tahoka, for appellants.

Morgan L. Copeland, County Attorney; Hackney & Crawford, Brownfield, for appellees.

NORTHCUTT, Justice.

This is an injunction case seeking to enjoin Mrs. Anna Bell Harrison from in any manner acting or attempting to act, as Commissioner of Precinct No. 3 of Terry County, Texas, that has been before us on a former occasion and reported in Tex.Civ. App., 316 S.W.2d 909. The Supreme Court reversed our judgment and remanded the cause to us for further consideration upon the grounds and for the reasons stated in its opinion reported in 320 S.W.2d 814. We refer to both of these opinions for a full statement of the case and for the action taken on assignments of error presented.

The real question involved in this action was whether or not Mrs. Harrison had moved from her residence in Terry

We erred in not making ourselves clear that we were discussing and ruling upon the questions of overwhelming weight and degree of the evidence as to be manifestly wrong and unjust. We quoted much of the evidence, and stated there was other testimony to the same effect, and that none of this testimony was denied as appellant did not take the witness stand and refute any of this evidence. We then overruled appellants' points of error two, four and six as well as points of error one, three and five.

The evidence is too lengthy to be restated here; but, after carefully weighing all of the evidence as against all of the evidence to the contrary, it is our opinion that the jury's verdict is not so contrary to the overwhelming weight of all of the evidence as to be clearly wrong and unjust but that there was an abundance of evidence to sustain the verdict of the jury and the judgment of the trial court, and further did not show any prejudice or passion on the part of the jury. Appellants' assignments or complaint to the contrary is therefore overruled and with this clarification of our former opinion the judgment of the trial court is affirmed.