**WICHITA COUNTY WATER CONTROL
AND IMPROVEMENT DISTRICT
NO. 3, Appellant,**

**v.**

**J. D. PADGETT et al., Appellees.**

No. 16614.

Court of Civil Appeals of Texas.

Fort Worth.

March 26, 1965.

Rehearing Denied April 23, 1965.

T. B. Coffield, Bowie, for appellant.

Short & Smith, and Donald E. Short, Wichita Falls, for appellees.

MASSEY, Chief Justice.

This is an appeal by the condemnor because the amount found by the jury to constitute the value of the realty taken, and of the judgment rendered thereon, was greater than the condemnor considered proper.

Among other points of error on the condemnor's appeal were those common to such cases: that certain adverse testimony offered by or in behalf of the condemnees, and admitted over objection, was inadmissible and so prejudicial that reversal was required;—that there was undue restriction placed upon the argument to the jury made by the attorney for the condemnor, in that he was denied the right to argue upon matter the judge erroneously excluded;— and that the value of the condemned property, as found by the jury, was excessive under the state of the record, i. e., either not supported by evidence having probative force and effect, or against the great weight and preponderance of the whole of the evidence.

We have considered the statement of facts and also the bills of exception under which condemnor has advanced such contentions and have concluded that the points of error should be overruled. We have tested the matters in view of the nature of condemnor's complaint, with an assumption that error was present (but without deciding that error in fact existed) with our objective the determination of whether such required reversal. Our conclusion in each instance has been that the error was harmless, and, in view of the provisions of Texas Rules of Civil Procedure, rule 434, that no reversal should be effected because thereof.

One point of error, having an element of novelty, advances the contention that in view of circumstances attendant up-

on the trial below the court erred in granting to the condemnees the right to open and close, just as if theirs had been the position of plaintiff in every respect. Condemnor distinguishes circumstances of the instant case from those under consideration in Wagoner v. City of Arlington, Tex.Civ. App., 345 S.W.2d 759 (Fort Worth, 1961, writ ref., n. r. e.) since two of the condemnees were First-Wichita National Bank of Wichita Falls, Texas and Equitable Life Assurance Society of the United States, neither of which had filed any admission of the condemnor's right to condemn the land, but had entered an appearance only.

It is true that neither of said parties filed such an admission. It is further to be observed that in the instruments they did file, each denominated "Waiver of Citation", they stated under oath that each was "a lienholder" as to some or all of the land sought to be condemned, and, among other things, consented that "hearing in said suit may commence without further notice to this Defendant." The trial was conducted in accordance therewith. Neither of said parties was present nor participated. The single special issue submitted to the jury was one in answer to which the jury was required to find the value of the property condemned.

Our holding is that these two condemnees, the aforesaid lienholders, were properly treated by the trial court as though they had in fact filed admissions of the condemnor's right to condemn. In any event the condemnor is not entitled to claim that it was prejudiced in connection with the trial court's election to so treat matters. There was a single issue submitted to the jury, and such issue was one as to which the burden was cast upon the condemnees. There was no issue submitted as to which the burden was cast on the condemnor, and none requested by anyone. The trial was so conducted that the burden of proof on the whole case was that of the condemnees present and participating, and there was no issue made upon which the condemnor carried the burden.

Upon the matter of the right to open and conclude the argument in such a circumstance, it has been held that the condemnee(s) have the right. City of Teague v. Stiles, Tex.Civ.App., 263 S.W.2d 623, 629 (Waco, 1953, writ ref., n. r. e.). The case, and its rationale, was considered in Rayburn, Texas Law of Condemnation, p. 312, § 85(1), "—Burden Is On Condemnee To Proceed On Evidence, And With Trial Where There Is A Stipulation Executed." We believe the holding of the case was correct. Its holding related to argument. We believe it would necessarily follow and be correct to hold that the same thing is true in the present instance relative to the burden of proof and correlative rights as applied to the whole case.

In this we appear to be in conflict with the decision in Lower Colorado River Authority v. Burton, Tex.Civ.App., 170 S.W.2d 783 (Amarillo, 1943, no writ hist.). The condemnor has cited the following in support of its position: Cockrell v. Ellison, 137 S.W. 150 (Court of Appeals of Texas, 1911, no writ hist.); Hittson v. State Nat. Bank, 14 S.W. 780 (Tex., 1890); Rector v. Evans, 6 S.W.2d 105 (Tex.Com. App., 1928). None of these cases cited by condemnor were condemnation cases.

By another point of error the condemnor complains because the trial court granted interest upon the amount of "damage" awarded, dating from the time judgment was rendered.

It appears that after the judgment was rendered in the trial court (on June 2, 1964), the condemnor deposited with the Clerk of the County Court of Wichita County the amount of the Commissioner's Award ($42,000.00). The deposit was made July 29, 1964. The judgment, based on the jury's verdict, was for $63,000.00. Condemnor's Motion for New Trial was overruled by the trial court on July 24, 1964. Condemnor contends that it did not "take possession" of the land until about two months after the judgment was rendered, and therefore it would be improper

to charge it with any interest antecedent to such date. A "receipt" of the Clerk shows the date condemnor made the "deposit". Furthermore, says condemnor, condemnees had the use of the land until the date it "took possession", hence to allow them interest would be to allow a double recovery.

We overrule the point. Condemnor was not prejudiced and for that reason may not be sustained in its complaint. There have been a variety of holdings as to the date when condemned property should be treated as having been "taken" for purposes of determining title and other matters, including interest. In no instance has any court ever held that condemned property should be treated as having been "taken" at a time later than the date judgment was rendered.

The very nature of judgments, as well as stability of procedure in condemnation cases, would forbid the holding condemnor believes proper. Under Texas practice a judgment is rendered by the trial court. A party aggrieved thereby is afforded the right of appeal, and of necessity is afforded time within which to act in connection therewith. On appeal, of course, the test is whether the judgment was proper. Finality of the judgment is not the subject matter of test in the normal appeal, and is not on the instant appeal. Unless we reverse it the efficacy thereof continues to date from its entry.

The judgment is "final", subject only to the appellate court's right to decree otherwise. In most instances rights thereunder may be "suspended pending disposition of the appeal" by a supersedeas bond. Judgments in condemnation cases adjudicate title to property. Such judgments operate to vest title in the condemnors. Correlatively, judgments *in personam* are rendered in favor of the condemnees and against the condemnors. It is the method by which condemnees are compensated. Rights of both parties stem from the date of entry of judgments. As applied to condemnees the time of accrual of their rights to "damages", plus interest thereon, differs in no particular from that appertaining to judgments in suits for damages stemming from torts. As applied to condemnors, under authority of and dating from entry of judgments, they hold title to realty just as does a prevailing party (against his adversary) under a judgment in a Trespass to Try Title case.

In this instance it is not necessary to determine whether there would be any impropriety in a judgment allowing interest beginning at a date even earlier than that on which judgment was rendered.

Judgment is affirmed.