**Jimmy PHILLIPS, Jr., et ux., Appellants,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.**

**No. 1699.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 7, 1977.

Jimmy Phillips, Jr., Angleton, for appellants.

John J. Feldt, Urban, Coolidge, Pennington & Scott, Houston, Leland B. Kee, Angleton, for appellee.

COULSON, Justice.

This is an appeal based on the trial court's refusal to allow the appellants to open and close the jury argument. While we agree that this was error, we find that it was harmless and affirm.

Southwestern Bell Telephone Company (Bell) initiated eminent domain proceedings against land belonging to Mr. and Mrs. Jimmy Phillips, Jr. (the Phillips) to acquire an easement through it. The County Court at Law appointed commissioners who, after a hearing, awarded the Phillips $665.00. The Phillips appealed to the county court. Although the Phillips contested Bell's power to condemn, the only special issues which the trial court allowed to be submitted dealt with the market value of the land subject to the easement and the damage to the remaining property. Based upon the jury's findings the Phillips were awarded $315.00.

They appeal from that judgment bringing but a single point of error: The court erred in not allowing them to open and close the jury argument.

In a condemnation proceeding, where the only questions submitted relate to market value and damages, the condemnee has the right to open and close the jury argument. *Wichita County Water Control & Imp. Dist. v. Padgett*, 389 S.W.2d 314 (Tex.Civ.App.—Fort Worth 1965, writ ref'd n. r. e.); *City of Teague v. Stiles*, 263 S.W.2d 623 (Tex.Civ.App.—Waco 1953, writ ref'd n. r. e.). As such, the trial court erred in not permitting the Phillips to open and close.

Relying on *Wagoner v. City of Arlington*, 345 S.W.2d 759 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n. r. e.), the Phillips argue that this right is so substantial and valuable that denial of it necessarily constitutes reversible error. While we agree that it is a highly important right, and one that we would zealously protect upon a showing of harm, we do not agree that denial of it, as such, requires reversal. As a number of cases have held, denial of the right to open and close will justify reversal only upon a showing of harm. *Seureau v. Mudd*, 515 S.W.2d 746 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.); *Western Fire Insurance Company v. Reyna*, 495 S.W.2d 57 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.); *Zieben v. Krakower*, 346 S.W.2d 401 (Tex.Civ.App.—Houston 1961, writ ref'd n. r. e.); *Hassell v. Pruner*, 286 S.W.2d 266 (Tex.Civ.App.—Amarillo 1956, writ ref'd n. r. e.).

The Phillips' failure to file a complete statement of facts fatally damages their appeal since it precludes this court's inquiry into any harm or prejudice which may have accrued to them because of the error. That part of the appellate record designated "Partial Statement of Facts" consists of only two and one-half pages and merely establishes that the Phillips preserved their error.

Affirmed.