Opinion issued May 20, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-00-01163-CV
NO. 01-00-01169-CV




MALCOMSON ROAD UTILITY DISTRICT, Appellant

V.

FRANK GEORGE NEWSOM, Appellee




On Appeal from the County Civil Court At Law No. 3
Harris County, Texas
Trial Court Cause Nos. 691,631 & 691,632




DISSENTING OPINION ON REHEARING

          I agree with the majority that Hubenak II requires us to apply the summary
judgment standard of review to the trial court’s rulings on each of the statutory
requirements for condemnation, including the unable-to-agree requirement. Applying
this standard, I agree with the majority that the District conclusively proved that the
parties were unable to agree on damages before the filing of suit. I also agree that the
District carried its constitutional burden of proving that the taking was for a public
use. See Tex. Water Code Ann. § 54.201(a), (b)(3) (Vernon Supp. 2004-2005)
(delegating to utility districts power of eminent domain to “gather, conduct, divert,
and control local storm water or other local harmful excesses of water”); Housing
Auth. of the City of Dallas v. Higginbotham, 143 S.W.2d 79, 83 (Tex. 1940)
(legislative determination that project is for public use is binding unless use is
“clearly and palpably” private). However, because I believe the majority has imposed
an improperly high standard of review on a utility district’s determination of the
necessity of a taking for public use, and has therefore denied the District judgment
to which it is entitled in law, I respectfully dissent.
          As the majority states, a condemning authority’s discretion to condemn land
for a public purpose is nearly absolute, and the courts will not review the exercise of
that authority without a showing that the condemnor acted fraudulently, in bad faith,
or arbitrarily and capriciously. See Ludewig v. Houston Pipeline Co., 773 S.W.2d
610, 614 (Tex. App.—Corpus Christi 1989, writ denied); Bradford v. Magnolia Pipe
Line Co., 262 S.W.2d 242, 246 (Tex. Civ. App.—Eastland 1953, no writ); Meaney
v. Nueces County Navigation Dist. No. 1, 222 S.W.2d 402, 405 (Tex. Civ. App.—San
Antonio 1949, writ ref’d); Jones v. City of Mineola, 203 S.W.2d 1020, 1022 (Tex.
Civ. App.—Texarkana 1947, writ ref’d). A condemnation determination is arbitrary
and capricious when it is “willful and unreasoning action, action without
consideration and in disregard of the facts or circumstances [that] existed at the time
condemnation was decided upon, or within the foreseeable future.” Wagoner v. City
of Arlington, 345 S.W.2d 759, 763 (Tex. Civ. App.—Fort Worth 1961, writ ref’d
n.r.e.). Thus, to resist summary judgment, Newsom, as condemnee, had the burden
to establish that the condemnation of his property was not for an authorized public
use or was willful and unreasoning and made in disregard of the facts. As the
majority puts it, “[T]o show that the District acted arbitrarily and capriciously,
Newsom had to negate any reasonable basis for determining what and how much land
to condemn for the pond and the ditch expansion.” Malcomson Rd. Util. Dist. v.
Newsom, Nos. 01-00-01163-CV & 01-00-01169-CV, slip op. at 22 (Tex.
App.—Houston [1st Dist.] May 20, 2005, no pet. h.); see Wagoner, 345 S.W.2d. at
763 (noting that non-movant landowner could “have raised the issue [of arbitrariness]
only if it was unquestionably established in the evidence that there could have been
no actual public necessity for the [condemning authority] to seek the land in question
for [authorized public] purposes”) (emphasis added).
 
          The majority acknowledges that
[r]egarding the pond, a land planner testified for the District that,
as HCFCD had concluded, a pond was necessary. Santasiero’s
engineer, Newsom’s engineer, and Newsom’s land planner agreed
that a detention pond was necessary, but did not specify a
location. HCFCD did not require that the pond be placed on
Newsom’s property, but Ray Zobel, president of the District’s
board, testified that the board selected Newsom’s property for the
pond because that location would have allowed Villagio to have
more homes, thus increasing the tax base more than if Newsom
had been allowed to develop his own land.
 
Regarding the ditch expansion, an engineer and a land
planner testified for the District that, as HCFCD had concluded,
the project was necessary. Newsom’s own land planner agreed
that HCFCD “would prudently require” the ditch expansion. The
existing ditch ran along the eastern boundary of Newsom’s
northern tract of land. The only direction in which the ditch could
be expanded was westward, onto Newsom’s property, because the
land to the east of the ditch had already been developed. 

Malcomson, Nos. 01-00-01163-CV & 01-00-01169-CV, slip op. at 28. The District
thus presented evidence both that there was an actual necessity for the condemnation
of Newsom’s land for an authorized public use and that there was a reasonable basis
for condemning the land. Newsom produced no evidence that showed this testimony
to be fraudulent or given in bad faith.
          The majority, however, places a burden on the District to go behind the
evidence showing public necessity and a reasonable basis for the condemnation
decision, to refuse to accept the testimony of persons whose interests are adverse to
the landowner as sufficient, and to require its own engineers to confirm not just the
necessity for the taking—here for the ditch and the pond—but also the necessity of
condemning this ditch and this pond as opposed to any other. In addition, the
majority imposes the burden on the District to consider and investigate the scope of
the taking, specifically to investigate whether the right-of-way for a drainage ditch
such be taken in fee simple or by easement. The majority concludes that “the above
evidence raises a fact issue on whether the District declined to exercise its discretion
in determining whose land to condemn for the pond and in deciding whether to
condemn Newsom’s land in easement or in fee for the ditch expansion,” thus raising
a fact issue “on whether the District reached its condemnation decisions arbitrarily
and capriciously or by abusing its discretion.” Malcomson, Nos. 01-00-01163-CV
& 01-00-01169-CV, slip op. at 31. I cannot agree.
          First, the majority’s conclusion is not supported by the language of the
governing statute. There is no requirement in the governing statute, section 49.222(a)
of the Water Code, that the District determine whose land to condemn—only that it
determine on an evidentiary basis that the condemnation is for a public purpose. See
Tex. Water Code Ann. § 49.222(a) (Vernon 2000). Nor is there any requirement
that the condemnor investigate whether to condemn land in easement or in fee and
provide evidence for its determination; rather, the power to elect to condemn either
in fee simple or in easement is expressly given to the condemning authority. See id. 
In both cases, the language of the statute under which the District sought to condemn
Newsom’s property is plain:
A district . . . may acquire by condemnation any land, easements,
or other property inside or outside the district boundaries . . .
necessary for water, sanitary sewer, storm drainage, or flood
drainage or control purposes or for any other of its projects or
purposes, and may elect to condemn either the fee simple title or
a lesser property interest.

Tex. Water Code Ann. § 49.222(a) (emphasis added); see also id. § 49.218(a)-(c)
(Vernon Supp. 2004-2005) (granting districts right to purchase land or interest in land
considered necessary for districts’ purposes).
          Second, the majority’s holding conflicts with established authority. See
Ludewig, 773 S.W.2d at 614–15 (holding landowners’ evidence that condemnor
could have adopted plans circumventing landowners’ property or determined size of
easement differently was no evidence of arbitrary or capricious behavior where there
was reasonable basis for determination); Wagoner, 345 S.W.2d at 763 (holding,
“When the use for which property is sought under authority of the statutes of eminent
domain is an authorized public use, the necessity or expediency of condemning any
particular property is not a subject of judicial cognizance”) (emphasis added);
Meaney, 222 S.W.2d at 408 (holding where district had statutory authority to
condemn fee title, determination whether to take fee rather than easement was
primarily for commissioners; in absence of showing that determination was induced
by fraud or was wholly arbitrary and founded on no adequate determining principal,
district’s decision was final); Hardwicke v. City of Lubbock, 150 S.W.3d 708, 716–17
(Tex. App.—Amarillo 2004, no pet.) (holding where there was room for two opinions
as to necessity of condemning specific properties for redevelopment, action of zoning
authority was not arbitrary and capricious).



          I believe the holding of this court improperly heightens the burden on the
District in establishing the necessity of condemning property for an authorized public
purpose and is contrary to the plain language of the statute the District relied on to
condemn Newsom’s property, section 49.222(a) of the Water Code, and to authority
interpreting the condemnation power. I also believe that Newsom failed to bear his
burden of proof that the District acted fraudulently, in bad faith, or arbitrarily and
capriciously in condemning a portion of his property. Therefore, I respectfully
dissent. I would hold that the District carried its summary judgment burden of
showing the necessity of the taking for an authorized public use and that Newsom
failed to raise a fact issue as to the propriety of the taking.
Conclusion
          I would reverse the district court’s judgment denying the District’s motion for
summary judgment, reverse the judgment granting Newsom’s motion for summary
judgment and awarding him attorney’s fees and possession of the property and
improvements on it, render partial summary judgment for the District, and remand for
further proceedings in accordance with this opinion.
 


                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Taft, Keyes, and Higley.

Justice Keyes, dissenting.